JEROME SCHREIBSTEIN (SBN: 154051)
LAW OFFICE OF JEROME SCHREIBSTEIN
Embarcadero Center West
275 Battery Street, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 875-3355
Facsimile: (415) 358-9885

Attorneys for Defendants
BAYER HEALTHCARE LLC and
BAYER CORPORATION

**LAW OFFICE OF JEROME SCHREIBSTEIN**
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN DOE, | ) | Case No. 18-3138 |
| | ) | |
| Plaintiff, | ) | **NOTICE OF REMOVAL OF** |
| | ) | **DEFENDANTS BAYER HEALTHCARE** |
| vs. | ) | **LLC AND BAYER CORPORATION** |
| | ) | |
| BAYER HEALTHCARE LLC, BAYER | ) | |
| CORPORATION, and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that defendants Bayer HealthCare LLC and Bayer Corporation (collectively, at times, "Defendants") hereby remove to this Court the state court action described below.

## **STATE COURT ACTION**

1. On April 26, 2018, an unverified "Amended Complaint for Damages" (the "Amended Complaint") was filed in an action commenced by plaintiff "John Doe" ("Plaintiff") in the Superior Court of the State of California in and for the County of Alameda, entitled *John Doe, Plaintiff v. Bayer HealthCare LLC, Bayer Corporation, and Does 1 through 10, Defendants*, Case Number RG17875413 (the "State Court Action").

- 1 -

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

2.     The first date upon which Defendants received a copy of or had notice of the Amended Complaint and the State Court Action was May 1, 2018.  Attached as Exhibits A and B, respectively, are copies of the service reports received, the Summons issued, the Amended Complaint, the Complaint for Damages, Plaintiff's CMC Statement, and the Alameda County Superior Court's ADR packet, as received by each of Bayer HealthCare LLC and Bayer Corporation in the State Court Action on May 1, 2018.  Defendants were not served before May 1, 2018 with the Amended Complaint, the Complaint for Damages or any other service of process in the State Court Action.

3.     On May 21, 2018, Defendants timely filed and served their Answer to Plaintiff's Amended Complaint in the Alameda County Superior Court.  A copy of Defendants' Answer is attached as Exhibit C hereto.

4.     The documents attached hereto as Exhibits A - C constitute the pleadings, process and orders served upon or by Defendants in the State Court Action.

## FEDERAL JURISDICTION - DIVERSITY OF CITIZENSHIP

5.     Jurisdiction.  The basis for removal of the State Court Action is that a complete diversity of citizenship exists between the litigants under 28 U.S.C. section 1332 and 28 U.S.C. section 1441(b) and the matters in controversy exceed the sum or value of $75,000.

6.     Bayer HealthCare LLC is a limited liability company organized under the laws of the state of Delaware with its principal place of business in New Jersey.  (*See* accompanying Declaration of Keith Abrams (the "Abrams DEC") at ¶ 2.)  Bayer HealthCare LLC's headquarters are located in Whippany, New Jersey.  (*Id.*, ¶ 3, Ex. A.)

7.     Almost of all of Bayer HealthCare LLC's executive officers primarily work out of the corporate offices in Whippany, New Jersey or Pittsburgh, Pennsylvania.  Bayer HealthCare LLC's corporate minute books also are maintained and located in Whippany, New Jersey.  (*Id.*, ¶ 4.)

8.     Since July 1, 2015, Bayer HealthCare LLC has had nine members:  Bayer Medical Care Inc., Bayer Essure Inc., Bayer West Coast Corporation, Dr. Scholl's LLC, Coppertone LLC, MiraLAX LLC, NippoNex Inc., Bayer HealthCare US Funding LLC, and

NOTICE OF REMOVAL OF DEFENDANTS BAYER HEALTHCARE LLC AND
BAYER CORPORATION

Bayer Consumer Care Holdings LLC.  (*Id.*, ¶ 5.)

9.    As to the nine members of Bayer HealthCare LLC:

- Bayer Medical Care Inc. is a Delaware corporation with its principal place of business in Pennsylvania;

- NippoNex Inc. is a Delaware corporation with its principal place of business in New Jersey;

- Bayer Consumer Care Holdings LLC is a Delaware limited liability company, the sole common member of which is Bayer East Coast LLC, and the sole preferred member of which is Bayer HealthCare US Funding LLC; Bayer East Coast LLC is a Delaware limited liability company wholly owned by Bayer US Holding LP, a Delaware limited partnership between Bayer World Investments B.V. and Bayer Solution B.V., each of which is a private company with limited liability incorporated under Dutch law with its principal place of business in the Netherlands;

- Bayer HealthCare US Funding LLC is a Delaware limited liability company, the sole members of which is Bayer World Investments B.V.;

- Dr. Scholl's LLC, Coppertone LLC, and MiraLAX LLC are Delaware limited liability companies, each of whose sole member is Bayer HealthCare US Funding LLC;

- Bayer Essure Inc. is a Delaware corporation with its principal place of business in New Jersey; and

- Bayer West Coast Corporation is a Delaware corporation with its principal place of business in New Jersey.

Accordingly, none of these entities is incorporated in California, has a principal place of business in California, or has any member that is incorporated in or has a principal place of business in California.  (*Id.*, ¶ 6.)

10.    For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and any state where it has its principal place of business.  (28 U.S.C. § 1332(c)(1).)  It is the limited liability company's member citizenship that is evaluated

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

1  for diversity of citizenship purposes.  (*See* 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia*

2  *Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).)  Since none of Bayer HealthCare

3  LLC's member entities is incorporated or maintains a principal place of business in California,

4  Bayer HealthCare LLC is not a citizen of the State of California for diversity purposes.

5       11.    Bayer Corporation is, and since the commencement of this action, has been a

6  corporation organized under the laws of the State of Indiana.  Currently, Bayer Corporation's

7  principal place of business is located in Whippany, New Jersey.  Currently, Bayer Corporation's

8  headquarters are located in Whippany, New Jersey or Pittsburgh, Pennsylvania.  Bayer

9  Corporation's executive officers work out of the corporate offices in Whippany, New Jersey or

10  Pittsburgh, Pennsylvania, and none of its executive officers are based in California.  Bayer

11  Corporation's corporate minute books and records are maintained and located in Whippany, New

12  Jersey or Pittsburgh, Pennsylvania, and these are the locations where the majority of Bayer

13  Corporation's executive and administrative functions are performed.  Bayer Corporation

14  currently has no employees and its tangible property predominantly is located in New Jersey or

15  Pennsylvania.  (*Id.*, ¶ 7.)

16       12.    Bayer Corporation is not, and since the commencement of this action, has not

17  been incorporated in the State of California and has not had its headquarters or executive offices

18  organized under the laws of the State of California.  (*Id.*, ¶ 8.)  Bayer Corporation is thus a

19  citizen of Indiana, or Pennsylvania and New Jersey, where its operations predominate and its

20  "nerve center" is housed.  (*Hertz Corp. v.* Friend, 559 U.S. 77, 92-93 (2010); *Tosco Corp. v.*

21  *Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001); *Industrial Tectonics,*

22  *Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990).)

23       13.    Plaintiff alleges himself to be currently (and at the time of the events that gave

24  rise to his suit) a resident of the County of Alameda, State of California and on this basis

25  Defendants allege that Plaintiff was a resident of the State of California at the time this action

26  arose and continues to be a resident of the State of California.  (*See* Amended Complaint, ¶ 7.)

27  ///

28  ///

- 4 -

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

14.     <u>Fictitious Defendants</u>.  For purposes of removal under 28 U.S.C. section 1441 *et seq.*, the citizenship of defendants sued under fictitious names shall be disregarded.  (28 U.S.C. § 1441(a).)  The Does 1 to 10, inclusive, named in the Amended Complaint should therefore be disregarded for purposes of removal on the basis of diversity of citizenship

15.     Accordingly, there existed at the time of the filing of the State Court Action and continues to exist a complete diversity of citizenship between the parties to the State Court Action and there is no resident defendant.

16.     <u>Amount in Controversy</u>.  While Defendants deny any wrongdoing, it is apparent from the face of the Amended Complaint that the amount in controversy exceeds $75,000.  First, Plaintiff asserts, in the State Court Action, causes of action for "Unlawful Discrimination Based on Disability in Violation of FEHA [California Fair Employment and Housing Act]" (first cause of action), "Failure to Accommodate Disability in Violation of FEHA" (second cause of action), "Failure to Engage in Interactive Process in Violation of FEHA" (third cause of action), "Failure to Prevent Unlawful Discrimination" (fourth cause of action), "Retaliation in Violation of FEHA" (fifth cause of action), "Failure to Prevent Unlawful Retaliation in Violation of FEHA" (sixth cause of action), "Retaliation for Use of CFRA Leave" (seventh cause of action), "Unlawful Discrimination Based on Disability in Violation of FEHA" (eighth cause of action), and "Wrongful Termination in Violation of Public Policy" (ninth cause of action).  Under each of his claims, Plaintiff alleges that, on account of Defendants' actions:

(a)     he has sustained and continues to suffer "damages in terms of lost wages, lost benefits and lost opportunities for advancement" (*see* Amended Complaint, ¶¶ 27, 34, 41, 46, 51, 56, 61, 66, 71); and

(b)     he "suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigues, and anxiety" (*see* Amended Complaint, ¶ 28, 35, 42, 47, 52, 57, 62, 67, 72).

With respect to his wage loss claim, Plaintiff alleges he was cleared to return to work as of June 1, 2017 with restrictions that Bayer had previously accommodated.  (*See* Amended Complaint, ¶ 18).  Plaintiff's wage loss claim alone from June 1, 2018 to May 18, 2018 amounts

NOTICE OF REMOVAL OF DEFENDANTS BAYER HEALTHCARE LLC AND
BAYER CORPORATION

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

1  to $64,700.64.  (*See* accompanying Declaration of Katherine Mihalas, ¶¶ 2-3, Ex. A.)

2  Additionally, Bayer estimates a monthly value of $600 for group health benefits available to BU

3  members in Plaintiff's code.  (*Id.*, ¶ 3.)  Thus, as of the filing of this removal, Plaintiff's wage

4  and benefits loss claim amounts to in excess of $71,900.64.  Based on this evidence, were this

5  case to go to trial within 12 months of removal, Plaintiff's wage and benefits loss claim would

6  exceed $150,000 (which excludes other benefits to which Plaintiff claims entitlement).

7       With respect to his emotional distress claim, the fact that there is no specification of the

8  damages alleged "should not preclude the court from noting that these damages are potentially

9  substantial." (*Richmond v. Allstate, Ins. Co.*, 897 F. Supp. 447, 450 (S.D.Cal. 1995).)

10      In addition, under *each* of his nine causes of action, Plaintiff avers that Bayer has been

11  "guilty of oppression, fraud or malice," thus entitling Plaintiff to the recovery of punitive

12  damages.  (*See* Amended Complaint, ¶¶ 29, 36, 43, 48, 53, 58, 63, 68, 73.)

13      This Court may also consider jury verdicts in analogous cases on the amount in

14  controversy issue.  (*Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033 (N.D.Cal. 2002);

15  *Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610 * 10-11 (N.D.Cal. 2008)

16  ("*Rivera*").)  Some recent California jury verdicts from cases containing comparable allegations

17  are instructive here:

18      a) In *Stephen Colucci v. T-Mobile USA, Inc. and Brian Robson*, a jury awarded the

19          plaintiff $700,000 in past and future emotional distress damages and $4,000,000 in

20          exemplary damages for retaliation and failure to prevent retaliation.  After disclosing

21          his medical condition (agoraphobia, PTSD and panic disorder), plaintiff felt harassed

22          by his supervisor and within hours of making a complaint to T-Mobile's integrity

23          hotline, he was fired.

24      b) In *Della Hill v. Asian American Drug Abuse Program, Inc.*, a jury awarded the

25          plaintiff $2,668,700 in punitive damages and $1,904,135 in compensatory damages

26          on plaintiff's claims she was terminated due to her disability and leave of absence.

27          Plaintiff went on leave for an injury sustained on vacation and consistently provided

28          doctors' notes to her employer.  The plaintiff was terminated 12 days prior to the end

of her leave and the jury found for plaintiff on all causes of action: disability discrimination, failure to accommodate, failure to engage in the interactive process, and wrongful termination.

c) In *Mark Flores v. Office Depot Inc.*, a jury awarded the plaintiff $1,064,000 in past and future pain and suffering and $8,000,000 in exemplary damages for wrongful termination due to retaliation. The plaintiff was an employee at Office Depot for 17 years who, after returning from medical leave, was immediately placed on a performance improvement plan and was terminated two months later.

d) In *Talbert Mitchell v. SEIU*, a jury awarded the plaintiff $8,461,391 in damages for disability and medical leave discrimination, wrongful termination and intentional infliction of emotional distress, as well as $6.1 million in punitive damages.  The plaintiff worked at SEIU for 34 years and, only three months after returning from medical leave, was terminated for alleged insubordination and undermining his new director.  (*See* attached jury verdict summaries, Ex. D; Defendants request, pursuant to FRE 201(b), judicial notice of these jury verdicts.)

Finally, Plaintiff also seeks the recovery of statutory attorneys' fees under the California Fair Employment and Housing Act (*see* Cal. Govt. Code § 12965(b).)  (*See* Amended Complaint, Prayer, ¶ 7.)  In *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998), the Ninth Circuit held that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." (*Id.* at 1156.)  "Because attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA, the Court may consider the fees arising from time spent on Plaintiff's FEHA claims in its computation of the jurisdictional amount in controversy."  (*Rivera*, *supra*, 2008 U.S. Dist. LEXIS 58610 at * 11-12.)

17.     In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." (*Campbell v. Vitran Exp., Inc.*, 471 F.App'x 646, 648 (9th Cir. 2012).)  Based upon the number of claims, and the potential remedies that Plaintiff seeks (none of which

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

1   Defendants concede he is entitled to), it is apparent from the face of the Amended Complaint,

2   and the evidence submitted by Defendants, that the amount in controversy exceeds the

3   jurisdictional minimum of $75,000 specified in 28 U.S.C. section 1332(a) for diversity cases.

4   (*See White v. FCI USA, Inc.*, 319 F.3d 672, 674-676 (5th Cir. 2003) (removal upheld in wrongful

5   termination case where, despite the fact that the complaint failed to specify damages sought,

6   "lengthy list of compensatory and punitive damages" and claim for attorneys' fees made it

7   facially apparent that amount in controversy exceeded $75,000).)

8                                  **<u>REMOVAL IS TIMELY</u>**

9           18.     This action is being timely removed as Defendants are, pursuant to the provisions

10  of Federal Rule of Civil Procedure 6, removing within 30 days from their notice of a pleading

11  setting forth a removable claim and within one year of the filing of the State Court Action.  (*See*

12  28 U.S.C. § 1446(b).)

13                           **<u>INTRADISTRICT ASSIGNMENT</u>**

14          19.     Pursuant to the Civil Rules, Rule 3-5(b), this identifies the basis for assignment to

15  a particular location or division of the Court pursuant to Local Rule 3-2 (c).  Pursuant to Local

16  Rule 3-2 (c), all civil actions shall be assigned to a courthouse serving the County in which the

17  action arises.  Under Local Rule 3-2 (d), actions arising in the County of Alameda, as does this

18  one, may be assigned to San Francisco or Oakland.  This matter should therefore be assigned to

19  the San Francisco or Oakland Division pursuant to Local Rules 3-1, 3-2(c), (d).

20          20.     All proper defendants in this action consent to this Notice of Removal.

21          21.     A copy of this Notice of Removal is being filed with the Clerk of the Superior

22  Court of the State of California in and for the County of Alameda.

23          22.     A copy of this Notice of Removal is being served on Plaintiff.

24  ///

25  ///

26  ///

27  ///

28  ///

- 8 -

**NOTICE OF REMOVAL OF DEFENDANTS BAYER HEALTHCARE LLC AND
BAYER CORPORATION**

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

1

**PRAYER**

2  WHEREFORE, Defendants pray that the State Court Action be removed to this Court

3 and this Court accept jurisdiction of this action in its entirety and henceforth that this action be

4 placed on the docket of this Court for further proceedings; the same as though this action had

5 been instituted in this Court.

6 Dated: May 25, 2018    LAW OFFICE OF JEROME SCHREIBSTEIN

7

8            By: _____

9             Jerome Schreibstein
             Attorneys for Defendants

10            BAYER HEALTHCARE LLC and
            BAYER CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

**NOTICE OF REMOVAL OF DEFENDANTS BAYER HEALTHCARE LLC AND BAYER CORPORATION**

EXHIBIT  A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 18115519**
**Date Processed: 05/01/2018**

| | |
|---|---|
| **Primary Contact:** | Malini Moorthy<br>Bayer Corporation<br>100 Bayer Road<br>Pittsburgh, PA 15205-9741 |
| **Electronic copy provided to:** | Avery Stemmler<br>Jennifer Makuch<br>Kayla Dingman<br>Ana Hartner<br>Romaine Fulton<br>Aggie Markanich |

| | |
|---|---|
| **Entity:** | Bayer HealthCare LLC<br>Entity ID Number  2486988 |
| **Entity Served:** | Bayer Healthcare LLC |
| **Title of Action:** | John Doe vs. Bayer Healthcare LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Alameda County Superior Court, California |
| **Case/Reference No:** | RG17875413 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/01/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Laurel A. Mousseau<br>415-987-0692 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*                                    *AND*
BAYER HEALTHCARE LLC; BAYER CORPORATION; DOES 1-10
                                                        *INCLUSIVE*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN DOE

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| ENDORSED |
| FILED |
| ALAMEDA COUNTY |
| SEP 15 2017 |
| CLERK OF THE SUPERIOR COURT |
| By _____ |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse <br><br> 1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER: <br> *(Número del Caso):* RG17875413 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Laurel A. Mousseau, Law Office of Laurel Mousseau, 1432 Edinburgh Street, San Mateo, CA 415/987-0692

DATE: ~~09/14/20~~ SEP 15 2017                   Clerk, by _Jannie Thomas_ , Deputy
*(Fecha)*                     **Chad Finke**      *(Secretario)*                         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* BAYER HEALTHCARE, LLC

   under: ☐ CCP 416.10 (corporation)               ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | |
|---|---|
| [SEAL] | Page 1 of 1 |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 485
www.courtinfo.ca.gov

1  Laurel A. Mousseau (SBN 141484)
2  Law Office of Laurel Mousseau
   1432 Edinburgh Street
3  San Mateo, California 94402
   415.987.0692
4  laurel.mousseau@gmail.com
5

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA
7                     FOR THE COUNTY OF ALAMEDA
8

9
10  JOHN DOE,                          )  Case No. RG17875413
                                       )
11          Plaintiff,                 )  AMENDED COMPLAINT FOR
                                       )  DAMAGES
12       v.                            )
                                       )
13  BAYER HEALTHCARE LLC, BAYER        )
    CORPORATION, and DOES 1 through 10,)
14  inclusive,                         )
                                       )
15          Defendants.                )
                                       )
16  _____)
17                                                        BY FAX
18
19
       Plaintiff JOHN DOE alleges as follows on knowledge as to himself and his known acts,
20
21  and on information and belief as to all other matters:
22                                     I.
23                       THE NATURE OF THE ACTION
24
25       1.     In or near January 2005, John Doe (a Black man) was hired by Bayer Healthcare
26  LLC and/or Bayer Corporation (Bayer).  Doe has experienced ongoing and continuing
27  discrimination and retaliation by Bayer, and has never had a real opportunity to succeed at the
28

                          AMENDED COMPLAINT FOR DAMAGES

                                      -1-

company, because he is Black, has disabilities, takes CFRA-protected leave. and complains about wrongful discipline, refusal to transfer or promote.

2.    Doe worked for Bayer for nearly three years without complaint. After he was off work for medical leave, Bayer insisted he couldn't continue to perform the same job due his medical limitations. After two years, Bayer allowed Doe to return to work in an unskilled janitorial position. Doe's efforts to transfer into a job that reflected his qualifications were unsuccessful until in or near 2012 when Bayer transferred Doe back to his original job. Bayer continued to treat Doe differently than his coworkers, including but not limited to requiring unique language in his transfer agreement, and disparate discipline. Each time Doe was disciplined, Bayer did not follow its progressive disciplinary processes and/or did not discipline his coworkers for the same alleged violations. Doe's continuing efforts to transfer to a different position were unsuccessful.

3.    In December 2015, Doe filed an internal complaint for discrimination and retaliation with Bayer. Bayer has not interviewed Doe nor notified him of any outcome of any investigation into his discrimination and retaliation complaints. After returning from a medical leave of absence, Bayer refused to accommodate Doe, and failed to engage in a good-faith, timely interactive process. Despite multiple applications for positions Doe believes he was qualified for and which would accommodate his disability, Bayer has denied all applications and not identified any jobs for which Doe is qualified and which would accommodate his disability.

4.    Doe has suffered economic, physical, and emotional harm as a result of the discriminatory and retaliatory employment practices by defendant. This lawsuit seeks to redress that harm.

## II.

## PARTIES

5.   Plaintiff is informed and believes that at the relevant times mentioned herein, Defendant BAYER CORPORATION ("BAYER") was a multinational corporation headquartered in Germany, conducting business in Alameda County.

6.   Plaintiff is informed and believes that at the relevant times mentioned herein, Defendant BAYER HEALTHCARE LLC ("BAYER") was a corporation conducting business in Alameda County, with its principal place of business in New Jersey.

7.   At all times mentioned herein, Plaintiff was employed by BAYER HEALTHCARE LLC and/or BAYER CORPORATION ("BAYER") in Berkeley, California. Plaintiff performed work for BAYER within Alameda County.  The unlawful conduct alleged herein occurred in Alameda County.  Plaintiff is, and at all relevant times mentioned herein was, a resident of Alameda County.

8.   At all times mentioned herein, each of the defendants named in the caption and each DOE defendant was an agent, employee and/or partner of the remaining defendants, including the DOE defendants, and, in doing these things herein alleged, was acting within the scope of such agency, employment and/or partnership with the permission, authority and/or consent of his or her co-defendants.

9.  Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of said defendants when the same has been ascertained.  Each of the fictitiously named defendants is responsible in some

manner for the acts complained of herein.  Unless otherwise stated, all references to named defendants shall include DOE defendants as well.

### III.

### JURISDICTION AND VENUE

10.     Jurisdiction and venue are proper in this Court because all of the claims alleged herein arose in Alameda County and all of the defendants were and/or are residents of Alameda County or are doing or did business in Alameda County.

11.     The amount in controversy in this matter exceeds the sum of $25,000, exclusive of interest and costs.

### IV.

### FACTUAL ALLEGATIONS

12.     In or near January 18, 2005, John Doe (a Black man) was hired by BAYER as an Aseptic Process Technician Specialist.  Doe has not received any yearly evaluation(s) of his work performance.

13.     Doe, one of a very few Black employees at Bayer, worked for Bayer for nearly three years without complaint.  After he was off work for medical leave, Bayer insisted he couldn't continue to perform the same job due his medical limitations.  Bayer eventually allowed Doe to return to work in an unskilled janitorial position, a job for which Doe was over-qualified. Doe's efforts to transfer into a job that reflected his qualifications were unsuccessful until in or near 2012 when Bayer transferred Doe back to his original job.  Bayer continued to treat Doe differently than his coworkers, including but not limited to unique language in the transfer agreement, and disparate discipline in/near August 2014, June 2015, and October 2015.  Each time Bayer did not follow its disciplinary processes and/or did not discipline his coworkers for the same alleged violation(s).

AMENDED COMPLAINT FOR DAMAGES

-4-

14.     During the next several years, Doe applied unsuccessfully for other positions at Bayer.

15.     On/near October 15, 2015 Doe and a coworker witnessed and reported a dangerous leak cause by a White employee.  Doe is informed and believes that the employee was not disciplined.

16.     In or near November 2015, Doe began a medical leave of absence for an injury at work.

17.     In or near early December 2015, Doe filed an internal complaint with Bayer for retaliation and discrimination.  Bayer acknowledged receipt of the complaint, but Doe is not aware of any investigation of his complaint by Bayer.

18.     On or near June 1, 2017, Doe's doctor released him to return to work with work restrictions that were the same or similar to work restrictions in effect prior to his medical leave of absence.  Doe provided Bayer with a copy of the release.

19.     On or near August 18, 2017, Defendant's HR representative Leona Cummings sent Doe a letter in which she informed him that his employment with Bayer was "set to terminate" in the event he did not return from his medical leave of absence.  The letter informed Doe that Bayer was "unable" to accommodate him in his "current position" in light of his medical restrictions, but that he could apply for alternative jobs.

20.     Doe responded to Ms. Cummings, who explained that Bayer would not terminate Doe immediately.  Instead, Ms. Cummings encouraged Doe to apply for jobs for which he believed he was qualified and which he believed would accommodate his disability.  Doe applied for jobs for which he was qualified and which would accommodate his disability.  Bayer rejected every application, indicating that Doe was not qualified for the positions. Doe is informed and believes that he was as or better qualified for the positions as the persons who were hired.  Doe is informed and believes that the persons hired for the positions were not Black men with a disability.

AMENDED COMPLAINT FOR DAMAGES

-5-

21.     Doe is not aware of any efforts by Defendant to identify positions for which he was qualified and which would accommodate his disability.

22.     In or near October 2017, Bayer sent another letter to Doe, indicating that his employment had not ended, but would end if he was not able to find a job for which he was qualified and which could accommodate his disability.

23.     In late January 2018, Bayer rejected Doe's most recent job application.  Doe concluded that Bayer would not accommodate his disability, and that his employment with Bayer had ended.

V.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

24.     Prior to the initiation of this lawsuit, Plaintiff filed a complaint against each named defendant with the California Department of Fair Employment and Housing ("DFEH") pursuant to section 12900, *et seq.*, of the California Government Code, alleging the claims described in this complaint.  On September 16, 2016, the DFEH issued a "right to sue" letter.  True and correct copies of the administrative complaint and the "right to sue" letter are attached to the Complaint collectively as Exhibit A.  All conditions precedent to the institution of this lawsuit have been fulfilled.  This action is filed within one year of the date that the DFEH issued its right to sue letters.  On April 26, 2016, Plaintiff filed an amended complaint against each named defendant with the California Department of Fair Employment and Housing ("DFEH"), and received a "right to sue" letter, attached to the Amended Complaint as an Exhibit.

AMENDED COMPLAINT FOR DAMAGES

-6-

## VI.

## FIRST CAUSE OF ACTION

**(Unlawful Discrimination Based on Disability in Violation of FEHA)**

**Cal. Gov't Code Section 12940(a)**

**Against all Defendants**

25.    John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

26.    California Government Code section 12940(a) makes it an unlawful employment practice for an employer to discriminate against an employee in compensation or in terms, conditions, or privileges of employment.  Bayer violated this provision by discriminating against John Doe based on his disability, including the discrimination described in paragraphs 1 through 23 above.

27.    As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

28.    John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

29.    In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

AMENDED COMPLAINT FOR DAMAGES

-7-

# VII.

## SECOND CAUSE OF ACTION

### (Failure to Accommodate Disability in Violation of FEHA)

### Gov't Code Section 12940(m)

### Against all Defendants

30.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

31.     California Government Code section 12940(m) makes it an unlawful employment practice for an employer to fail to accommodate an employee in compensation or in terms, conditions, or privileges of employment.  Bayer violated this provision by discriminating against John Doe based on his disability, including the discrimination described in paragraphs 1 through 23 above.

32.     Doe was able to perform the essential job duties of his former job (or an alternative job) at Bayer with reasonable accommodation for his disability.

33.     Bayer failed to provide reasonable accommodation for Doe's disability.

34.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

35.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

36.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## VIII.

### THIRD CAUSE OF ACTION

### (Failure to Engage in Interactive Process in Violation of FEHA)

### Cal. Gov't Code Section 12940(n)

### Against all Defendants

37.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

38.     California Government Code section 12940(n) makes it an unlawful employment practice for an employer to fail to engage in an interactive process to identify reasonable accommodations for a disabled employee.  Bayer violated this provision by discriminating against John Doe based on his disability, including the discrimination described in paragraphs 1 through 23 above.

39.     Doe requested that Bayer make reasonable accommodation for his work-related disability.

40.     Bayer failed to participate in a timely good-faith interactive process with Doe to determine whether reasonable accommodation could be made.

41.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

42.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

43.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

IX.

**FOURTH CAUSE OF ACTION**

**(Failure to Prevent Unlawful Discrimination)**

**Cal. Gov't Code Section 12940(k)**

**Against all Defendants**

44.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

45.     California Government Code section 12940(k) provides that it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Bayer violated this provision by failing to prevent retaliation and discrimination in violation of Government Code Sections 12940, *et seq.*, including the discrimination described in paragraphs 1 through 23 above.

46.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

47.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

48.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## X.

## FIFTH CAUSE OF ACTION

### (Retaliation in Violation of FEHA)

### Against all Defendants

49.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

50.     Bayer retaliated against Doe for seeking accommodation and leave for his disabilities, in violation of FEHA through numerous illegal acts, including without limitation, the discrimination described in paragraphs 1 through 23 above.

51.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

52.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

AMENDED COMPLAINT FOR DAMAGES

-11-

53.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## XI.

## SIXTH CAUSE OF ACTION

### (Failure to Prevent Unlawful Retaliation in Violation of FEHA)

### Against all Defendants

54.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

55.     California Government Code section 12940(k) provides that it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment (including retaliation) from occurring.  Bayer violated this provision by failing to prevent retaliation in violation of Government Code Sections 12940, *et seq.*, including the conduct described in paragraphs 1 through 23 above.

56.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

57.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

58.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

AMENDED COMPLAINT FOR DAMAGES

## XII.

### SEVENTH CAUSE OF ACTION

**(Retaliation for Use of CFRA Leave)**

**Against all Defendants**

59.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

60.     Bayer retaliated against Doe for exercising his rights to family care and medical leave through numerous illegal acts, including without limitation, the acts described in paragraphs 1 through 23 above.

61.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

62.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

63.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## XIII.

### EIGHTH CAUSE OF ACTION

**(Unlawful Discrimination Based on Race in Violation of FEHA)**

**Against all Defendants**

64.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

65.     California Government Code section 12940(a) makes it an unlawful employment practice for an employer to discriminate against an employee in compensation or in terms, conditions, or privileges of employment.  Bayer violated this provision by discriminating against John Doe based on his race, including the discrimination described in paragraphs 1 through 23 above.

66.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

67.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

68.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

### XIV.

### NINTH CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy)**

**Against all Defendants**

69.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

AMENDED COMPLAINT FOR DAMAGES

-14-

70.    The Civil Rights Act of 1964 § 704(a), 42 U.S.C. § 2000e-3(a) and California Government Code Sections 12940, *et seq.,* provide that it is unlawful for an employer to discriminate against an employee because of (among other things) disability or race, or because the employee has opposed discrimination. Bayer violated this provision by discriminating against and retaliating against plaintiff in violation of the Federal Civil Rights Act and California Government Code Sections 12940, *et seq.,* including the conduct described in paragraphs 1 through 23 above.

71.    As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages and lost benefits.

72.    John Doe has also suffered emotional and physical injuries, including a heart condition brought on by nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

73.    In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## XV.

## PRAYER FOR RELIEF

### (As to All Causes of Action)

1.    For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

2.    For special damages, according to proof on each cause of action for which such damages are available.

AMENDED COMPLAINT FOR DAMAGES

-15-

3.      For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

4.      For punitive damages, according to proof on each cause of action for which such damages are available.

5.      For declaratory and injunctive relief as appropriate.

6.      For prejudgment interest and post-judgment interest according to law.

7.      For reasonable attorneys' fees incurred in this action pursuant to FEHA.

8.      For such other and further relief that the Court deems proper and just.


Dated:  April 26, 2018


_____

Laurel A. Mousseau
Attorney for Plaintiff JOHN DOE

AMENDED COMPLAINT FOR DAMAGES

-16-

EXHIBIT

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

April 26, 2018

Laurel Mousseau

,

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 814831-251278
      Right to Sue: Hill / Bayer Corporation

Dear Laurel Mousseau:

Attached is a copy of your **amended** complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original complaint. This is not a new Right to Sue letter. The original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the DFEH. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Lavon Hill                                                          DFEH No. 814831-251278

                                         Complainant,

vs.

Bayer Corporation
800 Dwight Way
Berkeley, CA 94701

Bayer Healthcare LLC
800 Dwight Way
Berkeley, CA 94701

                                         Respondents.
_____

1. Respondent **Bayer Corporation**  is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Lavon Hill**, resides in the City of **Berkeley** State of **California.**

3. Complainant alleges that on or about **January 25, 2018**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's race, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental) and as a result of the discrimination was terminated, denied hire or promotion, denied or forced transfer, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment claim, requested or used california family rights act or fmla, requested or used a disability-related accommodation and as a result was terminated, denied hire or promotion, denied or forced transfer, denied a work

Date Filed: September 16, 2016
Date Amended: April 26, 2018

environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability.

**Additional Complaint Details:** In or near January 18, 2005, Mr. Hill (a Black male) was hired by Bayer Healthcare (Bayer) as an Aseptic Process Technician Specialist. Mr. Hill has not received yearly evaluation(s) of his work performance.

In or near early 2007, Mr. Hill missed work for a CFRA-protected serious health condition. In April 2007, Mr. Hill was disciplined for Absenteeism. Mr. Hill sued Bayer Healthcare for failure to accommodate his disability. Bayer Healthcare and Mr. Hill settled the lawsuit. As part of the settlement, in July 2009, Bayer offered Mr. Hill a job Bayer described as congenial to (Mr. Hills) medical restrictions  General Worker in the Sanitation Department, working the graveyard shift (6pm  2:30am), for less money. Bayer agreed to pay Mr. Hill the same, higher salary for his prior classification. During the next several years, Mr. Hill applied unsuccessfully for more than 100 other positions at Bayer.

Eventually, in May 2012, Mr. Hill was offered another position as an Aseptic Processing Technician, with the stipulation that any failure  to adhere to (aseptic processing procedures) may result in (his) loss of eligibility to work in these areas. Mr. Hill is not aware of any similarly situated White, Asian, and Hispanic employees (who have not complained of discrimination) who have been provided a job offer with a contingency such as this one.

On 12-30-2014, Mr. Hill was injured again at work.  Bayer disputes Mr. Hills claim for workers` compensation, allegedly based on his credibility. Mr. Hill is aware of similarly situated White, Asian, and Hispanic employees (who have not complained of discrimination) who were injured at work and Bayer did not dispute their claims or credibility.

In June 2015, Mr. Hill received a Final Warning letter for an alleged gowning violation. Mr. Hills union steward submitted grievances in June 2015 because Bayer did not follow its progressive disciplinary processes. The grievances indicated that Mr. Hill believed he was experiencing retaliation, discrimination and harassment. Mr. Hill is not aware of any investigation of those claims by Bayer.

Mr. Hill has witnessed coworkers commit similar gowning violations, and/or been informed by White, Asian, and Hispanic colleagues (who have not complained of discrimination) that they have committed similar gowning violations.  Mr. Hill is informed and believes that these White, Asian and Hispanic colleagues have not been disciplined.

-2-

*Complaint – DFEH No. 814831-251278*

Date Filed: September 16, 2016
Date Amended: April 26, 2018

On/near 10-15-2015, Mr. Hill was suspended for three (3) days for another alleged gowning violation. Mr. Hill and his coworker K Dalal (Indian/South Asian female) supported Mr. Hills denial of the gowning violation, to no avail.

On or near November 7, 2015, Mr. Hill filed a written complaint with Bayers compliance hotline (ticket #CL28753). Mr. Hills complaint alleged and described retaliation, discrimination and harassment based on prior complaints of discrimination, his lawsuit for discrimination, his race, and his disability.

On or ear 11/17/2015 Hill was placed on medical leave for an injury at work.

On or near December 7, 2015, Bayer acknowledged receipt of his complaint and asked for further information. Mr. Hill provided the requested information.

On or near January 15, 2016, Mr. Hill left a telephone message with Maria Miller, Esq., Labor Relations Deputy Director HR at Bayer. Ms. Miller did not respond. To date, Bayer has not responded to Mr. Hill's retaliation, discrimination, and harassment complaint(s).

On or near June 1, 2017, Hill's doctor released him to work with restrictions like or similar to those in effect prior to his leave.
On or near August 18, 2017 Bayer sent Doe a letter indicating his employment would end if he did not return to work, and that Bayer was unable to accommodate him in his current position. Doe continued to apply for positions for which he believed he was qualified. Doe is not aware of efforts by Bayer to identify positions for which he was qualified and would accommodate his disability.
On or near 01/25/2018, Bayer informed Doe that he was rejected from the last application Doe attempted. Doe can only conclude that his employment has been terminated.
Mr. Hill has been, and continues to be discriminated against because of his race and disability. Mr. Hill has been, and continues to be retaliated against for bringing a lawsuit for disability discrimination and subsequently complaining about further and ongoing retaliatory and discriminatory treatment and discipline. Bayer has not accommodated Hill's disability and has not engaged in a good-faith interactive process.

*Complaint – DFEH No. 814831-251278*

Date Filed: September 16, 2016
Date Amended: April 26, 2018

1   VERIFICATION

2   I, **Laurel A. Mousseau**, am the **Attorney for Complainant** in the above-entitled

3   complaint.  I have read the foregoing complaint and know the contents thereof.  The
    same is true of my own knowledge, except as to those matters which are therein

4   alleged on information and belief, and as to those matters, I believe it to be true.

5   On April 26, 2018, I declare under penalty of perjury under the laws of the State of

6   California that the foregoing is true and correct.

7                                                                    **San Mateo, CA**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                         -4-
                            *Complaint – DFEH No. 814831-251278*

28
    Date Filed: September 16, 2016
    Date Amended: April 26, 2018

Laurel A. Mousseau (SBN 141484)
Law Office of Laurel Mousseau
1432 Edinburgh Street
San Mateo, California 94402
415.987.0692
laurel.mousseau@gmail.com

ENDORSED
FILED
ALAMEDA COUNTY

SEP 1 5 2017

CLERK OF THE SUPERIOR COURT
By _____
CASE Deborah Styner, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JOHN DOE, | Case No. RG17875413 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1.  UNLAWFUL DISCRIMINATION BASED UPON RACE IN VIOLATION OF FEHA-GOVERNMENT CODE SECTIONS 12940, et seq.** |
| BAYER HEALTHCARE LLC, BAYER CORPORATION, and DOES 1 through 10, inclusive, | **2.  UNLAWFUL DISCRIMINATION BASED UPON DISABILITY IN VIOLATION OF FEHA-GOVERNMENT CODE SECTIONS 12940, et seq.** |
| Defendants. | |

**3.  FAILURE TO PREVENT UNLAWFUL DISCRIMINATION IN VIOLATION OF FEHA-GOVERNMENT CODE SECTIONS 12940, et seq.**

**4.  RETALIATION IN VIOLATION OF FEHA-GOVERNMENT CODE SECTIONS 12940, et seq.**

**5.  FAILURE TO PREVENT UNLAWFUL RETALIATION IN VIOLATION OF FEHA-GOVERNMENT CODE SECTIONS 12940, et seq.**

**6.  RETALIATION IN VIOLATION OF GOVERNMENT CODE SECTION 12945.2, et seq.**

COMPLAINT FOR DAMAGES

-1-

BY FAX

Plaintiff JOHN DOE alleges as follows on knowledge as to himself and his known acts, and on information and belief as to all other matters:

## I.

## THE NATURE OF THE ACTION

1.      In or near January 2005, John Doe (a Black man) was hired by Bayer Healthcare LLC (Bayer). Doe has experienced ongoing and continuing discrimination and retaliation by Bayer, and has never had a real opportunity to succeed at the company, because he is Black, has disabilities, takes CFRA-protected leave. and complains about wrongful discipline, refusal to transfer or promote.

2.      Doe worked for Bayer for nearly three years without complaint. After he was off work for medical leave, Bayer insisted he couldn't continue to perform the same job due his medical limitations. After two years, Bayer allowed Doe to return to work in an unskilled janitorial position. Doe's efforts to transfer into a job that reflected his qualifications were unsuccessful until in or near 2012 when Bayer transferred Doe back to his original job. Bayer continued to treat Doe differently than his coworkers, including but not limited to requiring unique language in his transfer agreement, and disparate discipline. Each time Doe was disciplined, Bayer did not follow its progressive disciplinary processes and/or did not discipline his coworkers for the same alleged violations. Doe's continuing efforts to transfer to a different position were unsuccessful.

3.      In December 2015, Doe filed an internal complaint for discrimination and retaliation with Bayer. Bayer has not interviewed Doe nor notified him of any outcome of any investigation into his discrimination and retaliation complaints.

4.      Doe has suffered economic, physical, and emotional harm as a result of the discriminatory and retaliatory employment practices by defendant. This lawsuit seeks to redress that harm.

COMPLAINT FOR DAMAGES

## II.

## PARTIES

5.     Plaintiff is informed and believes that at the relevant times mentioned herein, Defendant BAYER CORPORATION was a multinational corporation headquartered in Germany.

6.     Plaintiff is informed and believes that at the relevant times mentioned herein, Defendant BAYER HEALTHCARE LLC was a corporation conducting business in Alameda County, with its principal place of business in New Jersey.

7.     At all times mentioned herein, Plaintiff was employed by BAYER HEALTHCARE LLC and/or BAYER CORPORATION ("BAYER") in Berkeley, California. Plaintiff performed work for BAYER within Alameda County. The unlawful conduct alleged herein occurred in Alameda County. Plaintiff is, and at all relevant times mentioned herein was, a resident of Alameda County.

8.     At all times mentioned herein, each of the defendants named in the caption and each DOE defendant was an agent, employee and/or partner of the remaining defendants, including the DOE defendants, and, in doing these things herein alleged, was acting within the scope of such agency, employment and/or partnership with the permission, authority and/or consent of his or her co-defendants.

9.  Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of said defendants when the same has been ascertained. Each of the fictitiously named defendants is responsible in some

COMPLAINT FOR DAMAGES

-3-

manner for the acts complained of herein.   Unless otherwise stated, all references to named defendants shall include DOE defendants as well.

### III.

### JURISDICTION AND VENUE

10.     Jurisdiction and venue are proper in this Court because all of the claims alleged herein arose in Alameda County and all of the defendants were and/or are residents of Alameda County or are doing or did business in Alameda County.

11.     The amount in controversy in this matter exceeds the sum of $25,000, exclusive of interest and costs.

### IV.

### FACTUAL ALLEGATIONS

12.     In or near January 18, 2005, John Doe (a Black man) was hired by BAYER as an Aseptic Process Technician Specialist.  Doe has not received any yearly evaluation(s) of his work performance.

13.     Doe worked for Bayer for nearly three years without complaint.  After he was off work for medical leave, Bayer insisted he couldn't continue to perform the same job due his medical limitations.  Bayer eventually allowed Doe to return to work in an unskilled janitorial position.  Doe's efforts to transfer into a job that reflected his qualifications were unsuccessful until in or near 2012 when Bayer transferred Doe back to his original job.  Bayer continued to treat Doe differently than his coworkers, including but not limited to unique language in the transfer agreement, and disparate discipline in/near August 2014, June 2015, and October 2015.  Each time Bayer did not follow its disciplinary processes and/or did not discipline his coworkers for the same alleged violation(s).

14.     During the next several years, Doe applied unsuccessfully for other positions at Bayer.

COMPLAINT FOR DAMAGES

-4-

15.    On/near October 15, 2015 Doe and a coworker witnessed and reported a
dangerous leak cause by a White employee.  Doe is informed and believes that the employee was
not disciplined.

16.    In or near early December 2015, Doe filed an internal complaint with Bayer for
retaliation and discrimination.  Bayer acknowledged receipt of the complaint, but Doe is not
aware of any investigation of his complaint by Bayer.

## V.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17.    Prior to the initiation of this lawsuit, Plaintiff filed a complaint against each
named defendant with the California Department of Fair Employment and Housing ("DFEH")
pursuant to section 12900, *et seq.*, of the California Government Code, alleging the claims
described in this complaint.  On September 16, 2016, the DFEH issued a "right to sue" letter.
True and correct copies of the administrative complaint and the "right to sue" letter are attached
hereto collectively as **Exhibit A**.  All conditions precedent to the institution of this lawsuit have
been fulfilled.  This action is filed within one year of the date that the DFEH issued its right to
sue letters.

## VI.

## FIRST CAUSE OF ACTION

### (Unlawful Discrimination Based on Race in Violation of FEHA)

### Against all Defendants

18.    John Doe realleges and incorporates by reference paragraphs 1-17, inclusive, of
this Complaint as though fully set forth herein.

19.     California Government Code section 12940(a) makes it an unlawful employment practice for an employer to discriminate against an employee in compensation or in terms, conditions, or privileges of employment.  Bayer violated this provision by discriminating against John Doe based on his race, including the discrimination described in paragraphs 1 through 20 above.

20.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

21.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarassment, fright, shock, pain, discomfort, fatigue, and anxiety.

22.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## VII.

## SECOND CAUSE OF ACTION

### (Unlawful Discrimination Based on Disability in Violation of FEHA)

### Against all Defendants

23.     John Doe realleges and incorporates by reference paragraphs 1-17, inclusive, of this Complaint as though fully set forth herein.

24.     California Government Code section 12940(a) makes it an unlawful employment practice for an employer to discriminate against an employee in compensation or in terms, conditions, or privileges of employment.  Bayer violated this provision by discriminating against

John Doe based on his disability, including the discrimination described in paragraphs 1 through 17 above.

25.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

26.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarassment, fright, shock, pain, discomfort, fatigue, and anxiety.

27.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## VIII.

### THIRD CAUSE OF ACTION

**(Failure to Prevent Unlawful Discrimination)**

**Against all Defendants**

28.     John Doe realleges and incorporates by reference paragraphs 1-32, inclusive, of this Complaint as though fully set forth herein.

29.     California Government Code section 12940(k) provides that it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.  Bayer violated this provision by failing to prevent retaliation in violation of Government Code Sections 12940, *et seq.*, including the discrimination described in paragraphs 1 through 17 above.

30.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

31.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarassment, fright, shock, pain, discomfort, fatigue, and anxiety.

32.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## IX.

### FOURTH CAUSE OF ACTION

### (Retaliation in Violation of FEHA)

### Against all Defendants

33.     John Doe realleges and incorporates by reference paragraphs 1-27, inclusive, of this Complaint as though fully set forth herein.

34.     Bayer retaliated against Doe for seeking accommodation and leave for his disabilities, in violation of FEHA through numerous illegal acts, including without limitation, the discrimination described in paragraphs 1 through 17 above.

35.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

36.   John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

37.   In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## X.

## FIFTH CAUSE OF ACTION

### (Failure to Prevent Unlawful Retaliation in Violation of FEHA)

### Against all Defendants

33.   John Doe realleges and incorporates by reference paragraphs 1-32, inclusive, of this Complaint as though fully set forth herein.

34.   California Government Code section 12940(k) provides that it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment (including retaliation) from occurring.  Bayer violated this provision by failing to prevent retaliation in violation of Government Code Sections 12940, *et seq.*, including the conduct described in paragraphs 1 through 17 above.

35.   As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

36.   John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

37.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## XI.

## SIXTH CAUSE OF ACTION

### (Retaliation for Use of CFRA Leave)

### Against all Defendants

38.     John Doe realleges and incorporates by reference paragraphs 1-37, inclusive, of this Complaint as though fully set forth herein.

39.     Bayer retaliated against Doe for exercising his rights to family care and medical leave through numerous illegal acts, including without limitation, the acts described in paragraphs 1 through 17 above.

40.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

41.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarassment, fright, shock, pain, discomfort, fatigue, and anxiety.

42.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## PRAYER FOR RELIEF

### (As to All Causes of Action)

1.    For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

2.    For special damages, according to proof on each cause of action for which such damages are available.

3.    For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

4.    For punitive damages, according to proof on each cause of action for which such damages are available.

5.    For declaratory and injunctive relief as appropriate.

6.    For prejudgment interest and post-judgment interest according to law.

7.    For reasonable attorneys' fees incurred in this action pursuant to FEHA.

8.    For such other and further relief that the Court deems proper and just.


Dated:  September 14, 2017

_____

Laurel A. Mousseau
Attorney for Plaintiff JOHN DOE

COMPLAINT FOR DAMAGES

-11-

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                         GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                        DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

September 16, 2016

Lavon Hill
2724 Channing Way, Apartment 204
Berkeley, California 94704

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 814831-251278
Right to Sue: Hill / Bayer Corporation

Dear Lavon Hill,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
September 16, 2016 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc: Bayer Healthcare LLC

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                    DFEH No. 814831-251278
Lavon Hill, Complainant.
2724 Channing Way, Apartment 204
Berkeley,  California  94704

vs.

Bayer Corporation, Respondent.
800 Dwight Way
Berkeley,  California 94701

Complainant alleges:

1. Respondent **Bayer Corporation** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **January 15, 2016**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation,** .  Complainant believes respondent committed these actions because of their: **Age - 40 and over, Disability, Engagement in Protected Activity, Family Care or Medical Leave, Race** .

3. Complainant **Lavon Hill** resides in the City of **Berkeley**, State of **California**.  If complaint includes co-respondents please see below.

Date Filed: September 16, 2016

Date Amended: September 13, 2017

1

2 **Co-Respondents:**
  Bayer Healthcare LLC

3
  800 Dwight Way
4 Berkeley  California 94701

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

-6-

*Complaint ± DFEH No. 814831-251278*

Date Filed: September 16, 2016

Date Amended: September 13, 2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Additional Complaint Details:**

In or near January 18, 2005, Mr. Hill (a Black male) was hired by Bayer Healthcare (Bayer) as an Aseptic Process Technician Specialist.  Mr. Hill has not received yearly evaluation(s) of his work performance.

In or near early 2007, Mr. Hill missed work for a CFRA-protected serious health condition.  In April 2007, Mr. Hill was disciplined for Absenteeism.  Mr. Hill sued Bayer Healthcare for failure to accommodate his disability.  Bayer Healthcare and Mr. Hill settled the lawsuit.  As part of the settlement, in July 2009, Bayer offered Mr. Hill a job Bayer described as congenial to (Mr. Hills) medical restrictions  General Worker in the Sanitation Department, working the graveyard shift (6pm  2:30am), for less money.  Bayer agreed to pay Mr. Hill the same, higher salary for his prior classification.  During the next several years, Mr. Hill applied unsuccessfully for more than 100 other positions at Bayer.

Eventually, in May 2012, Mr. Hill was offered another position as an Aseptic Processing Technician, with the stipulation that any failure  to adhere to (aseptic processing procedures) may result in (his) loss of eligibility to work in these areas. Mr. Hill is not aware of any similarly situated White, Asian, and Hispanic employees (who have not complained of discrimination) who have been provided a job offer with a contingency such as this one.

On 12-30-2014, Mr. Hill was injured again at work.  Bayer disputes Mr. Hills claim for workers` compensation, allegedly based on his credibility. Mr. Hill is aware of similarly situated White, Asian, and Hispanic employees (who have not complained of discrimination) who were injured at work and Bayer did not dispute their claims or credibility.

In June 2015, Mr. Hill received a Final Warning letter for an alleged gowning violation.  Mr. Hills union steward submitted grievances in June 2015 because Bayer did not follow its progressive disciplinary processes. The grievances indicated that Mr. Hill believed he was experiencing retaliation, discrimination and harassment.  Mr. Hill is not aware of any investigation of those claims by Bayer.

Mr. Hill has witnessed coworkers commit similar gowning violations, and/or been informed by White, Asian, and Hispanic colleagues (who have not complained of discrimination) that they have committed similar gowning violations.  Mr. Hill is informed and believes that these White, Asian and Hispanic colleagues have not been disciplined.

-7-
*Complaint ±DFEH No. 814831-251278*

Date Filed: September 16, 2016

Date Amended: September 13, 2017

On/near 10-15-2015, Mr. Hill was suspended for three (3) days for another alleged gowning violation.  Mr. Hill and his coworker K Dalal (Indian/South Asian female) supported Mr. Hills denial of the gowning violation, to no avail.

On or near November 7, 2015, Mr. Hill filed a written complaint with Bayers compliance hotline (ticket #CL28753).  Mr. Hills complaint alleged and described retaliation, discrimination and harassment based on prior complaints of discrimination, his lawsuit for discrimination, his race, and his disability.

On or near December 7, 2015, Bayer acknowledged receipt of his complaint and asked for further information.  Mr. Hill provided the requested information.

On or near January 15, 2016, Mr. Hill left a telephone message with Maria Miller, Esq., Labor Relations Deputy Director HR at Bayer.  Ms. Miller did not respond.  To date, Bayer has not responded to Mr. Hill`s retaliation, discrimination, and harassment complaint(s).

Mr. Hill has been, and continues to be discriminated against because of his race and disability.  Mr. Hill has been, and continues to be retaliated against for bringing a lawsuit for disability discrimination and subsequently complaining about further and ongoing retaliatory and discriminatory treatment and discipline.

DFEH 802-1

-8-

Date Filed: September 16, 2016

Date Amended: September 13, 2017

VERIFICATION

I, **Laurel A. Mousseau**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On September 16, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Mateo, CA**
**Laurel A. Mousseau**

DFEH 903-1

-9-

*Complaint ± DFEH No. 814831-251278*

Date Filed: September 16, 2016

Date Amended: September 13, 2017

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Laurel Mousseau SBN 141484<br>1432 Edinburgh Street<br>San Mateo, CA 94402<br>TELEPHONE NO.: 415.987.0692   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* laurel.mousseau@gmail.com<br>ATTORNEY FOR *(Name):* Plaintiff JOHN DOE | ENDORSED<br>FILED<br>APR 26 2018<br>MARGARET J. DOWNI |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Renee C. Davidson Alameda County Courthouse

PLAINTIFF/PETITIONER: JOHN DOE

DEFENDANT/RESPONDENT: BAYER HEALTHCARE LLC; BAYER CORP.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE** <br>(Amount demanded<br>exceeds $25,000) ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | RG17875413 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: May 4, 2018      Time: 9 am      Dept.: 24      Div.:      Room:

Address of court *(if different from the address above):*

☑ Notice of Intent to Appear by Telephone, by *(name):* Laurel Mousseau

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* JOHN DOE
   b. ☐ This statement is submitted jointly by parties *(names):*

**BY FAX**

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 09/15/17
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☑ The following parties named in the complaint or cross-complaint
      (1) ☑ have not been served *(specify names and explain why not):*
          Plaintiff amended complaint 04/26/18 (new DFEH system caused 2 week delay for RTS)
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which
       they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint      *(Describe, including causes of action):*
      Discrimination and retaliation based on race and disability, and complaints of discrimination

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

---

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial.  You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
> - Agree to ADR at your Initial Case Management Conference.
>
> QUESTIONS?  Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

## What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o  **Court Mediation Program:**  Mediators do not charge fees for the first two hours of mediation.  If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o   **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o   **Judicial Arbitration Program (non-binding):** The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o   **Private Arbitration (binding and non-binding)** occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-00

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

    Date:                  Time:                  Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

    ☐ Court mediation        ☐ Judicial arbitration

    ☐ Private mediation       ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

    a.    No party to the case has requested a complex civil litigation determination hearing;
    b.    All parties have been served and intend to submit to the jurisdiction of the court;
    c.    All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.    Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.    Case management statements are submitted with this stipulation;
    f.    All parties will attend ADR conferences; and,
    g.    The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____   ▷  _____
    (TYPE OR PRINT NAME)                   (SIGNATURE OF PLAINTIFF)

Date:

_____   ▷  _____
    (TYPE OR PRINT NAME)                 (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date: _____

_____     ▷ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT)

Date: _____

_____     ▷ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

EXHIBIT  B



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 18115513**
**Date Processed: 05/01/2018**

| | |
|---|---|
| **Primary Contact:** | Malini Moorthy<br>Bayer Corporation<br>100 Bayer Road<br>Pittsburgh, PA 15205-9741 |
| **Electronic copy provided to:** | Ana Hartner<br>Romaine Fulton<br>Avery Stemmler<br>Jennifer Makuch<br>Kayla Dingman<br>Aggie Markanich |

| | |
|---|---|
| **Entity:** | Bayer Corporation<br>Entity ID Number  2486849 |
| **Entity Served:** | Bayer Corporation |
| **Title of Action:** | John Doe vs. Bayer Healthcare LLC |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Alameda County Superior Court, California |
| **Case/Reference No:** | RG17875413 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/01/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Laurel A. Mousseau<br>415-987-0692 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* *AND*
BAYER HEALTHCARE LLC; BAYER CORPORATION; DOES 1-10 *INCLUSIVE*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN DOE

<table>
<tr><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

SEP 1 5 2017

CLERK OF THE SUPERIOR COURT
By

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse <br><br> 1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER: <br> *(Número del Caso):* <br> RG17875413 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Laurel A. Mousseau, Law Office of Laurel Mousseau, 1432 Edinburgh Street, San Mateo, CA 415/987-0692

| DATE: ~09/14/20~ SEP 1 5 2017 <br> *(Fecha)* Chad Finke | Clerk, by <br> *(Secretario)* Jannie Thomas | , Deputy <br> *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* BAYER CORPORATION

   under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Laurel A. Mousseau (SBN 141484)
Law Office of Laurel Mousseau
1432 Edinburgh Street
San Mateo, California 94402
415.987.0692
laurel.mousseau@gmail.com

ENDORSED
FILED

APR 2 6 2018

MARGARET J. DOWNI

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

JOHN DOE,

       Plaintiff,

       v.

BAYER HEALTHCARE LLC, BAYER
CORPORATION, and DOES 1 through 10,
inclusive,

       Defendants.

Case No. RG17875413

**AMENDED COMPLAINT FOR
DAMAGES**

BY FAX

Plaintiff JOHN DOE alleges as follows on knowledge as to himself and his known acts, and on information and belief as to all other matters:

## I.

## THE NATURE OF THE ACTION

1.    In or near January 2005, John Doe (a Black man) was hired by Bayer Healthcare LLC and/or Bayer Corporation (Bayer).  Doe has experienced ongoing and continuing discrimination and retaliation by Bayer, and has never had a real opportunity to succeed at the

1    company, because he is Black, has disabilities, takes CFRA-protected leave. and complains

2    about wrongful discipline, refusal to transfer or promote.

3        2.    Doe worked for Bayer for nearly three years without complaint.  After he was off

4    work for medical leave, Bayer insisted he couldn't continue to perform the same job due his

5    medical limitations.  After two years, Bayer allowed Doe to return to work in an unskilled

6    janitorial position.  Doe's efforts to transfer into a job that reflected his qualifications were

7    unsuccessful until in or near 2012 when Bayer transferred Doe back to his original job.  Bayer

8    continued to treat Doe differently than his coworkers, including but not limited to requiring

9    unique language in his transfer agreement, and disparate discipline.  Each time Doe was

10   disciplined, Bayer did not follow its progressive disciplinary processes and/or did not discipline

11   his coworkers for the same alleged violations.  Doe's continuing efforts to transfer to a different

12   position were unsuccessful.

13       3.    In December 2015, Doe filed an internal complaint for discrimination and

14   retaliation with Bayer.  Bayer has not interviewed Doe nor notified him of any outcome of any

15   investigation into his discrimination and retaliation complaints. After returning from a medical

16   leave of absence, Bayer refused to accommodate Doe, and failed to engage in a good-faith,

17   timely interactive process.  Despite multiple applications for positions Doe believes he was

18   qualified for and which would accommodate his disability, Bayer has denied all applications and

19   not identified any jobs for which Doe is qualified and which would accommodate his disability.

20       4.    Doe has suffered economic, physical, and emotional harm as a result of the

21   discriminatory and retaliatory employment practices by defendant. This lawsuit seeks to redress

22   that harm.

AMENDED COMPLAINT FOR DAMAGES

-2-

## II.

## PARTIES

5.      Plaintiff is informed and believes that at the relevant times mentioned herein, Defendant BAYER CORPORATION ("BAYER") was a multinational corporation headquartered in Germany, conducting business in Alameda County.

6.      Plaintiff is informed and believes that at the relevant times mentioned herein, Defendant BAYER HEALTHCARE LLC ("BAYER") was a corporation conducting business in Alameda County, with its principal place of business in New Jersey.

7.      At all times mentioned herein, Plaintiff was employed by BAYER HEALTHCARE LLC and/or BAYER CORPORATION ("BAYER") in Berkeley, California. Plaintiff performed work for BAYER within Alameda County.  The unlawful conduct alleged herein occurred in Alameda County.  Plaintiff is, and at all relevant times mentioned herein was, a resident of Alameda County.

8.      At all times mentioned herein, each of the defendants named in the caption and each DOE defendant was an agent, employee and/or partner of the remaining defendants, including the DOE defendants, and, in doing these things herein alleged, was acting within the scope of such agency, employment and/or partnership with the permission, authority and/or consent of his or her co-defendants.

9.  Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of said defendants when the same has been ascertained.  Each of the fictitiously named defendants is responsible in some

manner for the acts complained of herein.   Unless otherwise stated, all references to named

defendants shall include DOE defendants as well.

### III.

### JURISDICTION AND VENUE

10.     Jurisdiction and venue are proper in this Court because all of the claims alleged

herein arose in Alameda County and all of the defendants were and/or are residents of Alameda

County or are doing or did business in Alameda County.

11.     The amount in controversy in this matter exceeds the sum of $25,000, exclusive

of interest and costs.

### IV.

### FACTUAL ALLEGATIONS

12.     In or near January 18, 2005, John Doe (a Black man) was hired by BAYER as an

Aseptic Process Technician Specialist.  Doe has not received any yearly evaluation(s) of his

work performance.

13.     Doe, one of a very few Black employees at Bayer, worked for Bayer for nearly

three years without complaint.  After he was off work for medical leave, Bayer insisted he

couldn't continue to perform the same job due his medical limitations.  Bayer eventually allowed

Doe to return to work in an unskilled janitorial position, a job for which Doe was over-qualified.

Doe's efforts to transfer into a job that reflected his qualifications were unsuccessful until in or

near 2012 when Bayer transferred Doe back to his original job.  Bayer continued to treat Doe

differently than his coworkers, including but not limited to unique language in the transfer

agreement, and disparate discipline in/near August 2014, June 2015, and October 2015.  Each

time Bayer did not follow its disciplinary processes and/or did not discipline his coworkers for

the same alleged violation(s).

14.     During the next several years, Doe applied unsuccessfully for other positions at Bayer.

15.     On/near October 15, 2015 Doe and a coworker witnessed and reported a dangerous leak cause by a White employee.  Doe is informed and believes that the employee was not disciplined.

16.     In or near November 2015, Doe began a medical leave of absence for an injury at work.

17.     In or near early December 2015, Doe filed an internal complaint with Bayer for retaliation and discrimination.  Bayer acknowledged receipt of the complaint, but Doe is not aware of any investigation of his complaint by Bayer.

18.     On or near June 1, 2017, Doe's doctor released him to return to work with work restrictions that were the same or similar to work restrictions in effect prior to his medical leave of absence.  Doe provided Bayer with a copy of the release.

19.     On or near August 18, 2017, Defendant's HR representative Leona Cummings sent Doe a letter in which she informed him that his employment with Bayer was "set to terminate" in the event he did not return from his medical leave of absence.  The letter informed Doe that Bayer was "unable" to accommodate him in his "current position" in light of his medical restrictions, but that he could apply for alternative jobs.

20.     Doe responded to Ms. Cummings, who explained that Bayer would not terminate Doe immediately.  Instead, Ms. Cummings encouraged Doe to apply for jobs for which he believed he was qualified and which he believed would accommodate his disability.  Doe applied for jobs for which he was qualified and which would accommodate his disability.  Bayer rejected every application, indicating that Doe was not qualified for the positions.  Doe is informed and believes that he was as or better qualified for the positions as the persons who were hired.  Doe is informed and believes that the persons hired for the positions were not Black men with a disability.

AMENDED COMPLAINT FOR DAMAGES

-5-

21.     Doe is not aware of any efforts by Defendant to identify positions for which he was qualified and which would accommodate his disability.

22.     In or near October 2017, Bayer sent another letter to Doe, indicating that his employment had not ended, but would end if he was not able to find a job for which he was qualified and which could accommodate his disability.

23.     In late January 2018, Bayer rejected Doe's most recent job application. Doe concluded that Bayer would not accommodate his disability, and that his employment with Bayer had ended.

**V.**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

24.     Prior to the initiation of this lawsuit, Plaintiff filed a complaint against each named defendant with the California Department of Fair Employment and Housing ("DFEH") pursuant to section 12900, *et seq.*, of the California Government Code, alleging the claims described in this complaint. On September 16, 2016, the DFEH issued a "right to sue" letter. True and correct copies of the administrative complaint and the "right to sue" letter are attached to the Complaint collectively as Exhibit A. All conditions precedent to the institution of this lawsuit have been fulfilled. This action is filed within one year of the date that the DFEH issued its right to sue letters. On April 26, 2016, Plaintiff filed an amended complaint against each named defendant with the California Department of Fair Employment and Housing ("DFEH"), and received a "right to sue" letter, attached to the Amended Complaint as an Exhibit.

# VI.

## FIRST CAUSE OF ACTION

### (Unlawful Discrimination Based on Disability in Violation of FEHA)

### Cal. Gov't Code Section 12940(a)

### Against all Defendants

25.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

26.     California Government Code section 12940(a) makes it an unlawful employment practice for an employer to discriminate against an employee in compensation or in terms, conditions, or privileges of employment.  Bayer violated this provision by discriminating against John Doe based on his disability, including the discrimination described in paragraphs 1 through 23 above.

27.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

28.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

29.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

# VII.

## SECOND CAUSE OF ACTION

### (Failure to Accommodate Disability in Violation of FEHA)

### Gov't Code Section 12940(m)

### Against all Defendants

30.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

31.     California Government Code section 12940(m) makes it an unlawful employment practice for an employer to fail to accommodate an employee in compensation or in terms, conditions, or privileges of employment.  Bayer violated this provision by discriminating against John Doe based on his disability, including the discrimination described in paragraphs 1 through 23 above.

32.     Doe was able to perform the essential job duties of his former job (or an alternative job) at Bayer with reasonable accommodation for his disability.

33.     Bayer failed to provide reasonable accommodation for Doe's disability.

34.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

35.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

AMENDED COMPLAINT FOR DAMAGES

-8-

36.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## VIII.

## THIRD CAUSE OF ACTION

### (Failure to Engage in Interactive Process in Violation of FEHA)

### Cal. Gov't Code Section 12940(n)

### Against all Defendants

37.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

38.     California Government Code section 12940(n) makes it an unlawful employment practice for an employer to fail to engage in an interactive process to identify reasonable accommodations for a disabled employee.  Bayer violated this provision by discriminating against John Doe based on his disability, including the discrimination described in paragraphs 1 through 23 above.

39.     Doe requested that Bayer make reasonable accommodation for his work-related disability.

40.     Bayer failed to participate in a timely good-faith interactive process with Doe to determine whether reasonable accommodation could be made.

41.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

AMENDED COMPLAINT FOR DAMAGES

-9-

42.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

43.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## IX.

### FOURTH CAUSE OF ACTION

**(Failure to Prevent Unlawful Discrimination)**

**Cal. Gov't Code Section 12940(k)**

**Against all Defendants**

44.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

45.     California Government Code section 12940(k) provides that it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.  Bayer violated this provision by failing to prevent retaliation and discrimination in violation of Government Code Sections 12940, *et seq.*, including the discrimination described in paragraphs 1 through 23 above.

46.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

47.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

48.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

X.

**FIFTH CAUSE OF ACTION**

**(Retaliation in Violation of FEHA)**

**Against all Defendants**

49.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

50.     Bayer retaliated against Doe for seeking accommodation and leave for his disabilities, in violation of FEHA through numerous illegal acts, including without limitation, the discrimination described in paragraphs 1 through 23 above.

51.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

52.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

53.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## XI.

## SIXTH CAUSE OF ACTION

### (Failure to Prevent Unlawful Retaliation in Violation of FEHA)

### Against all Defendants

54.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

55.     California Government Code section 12940(k) provides that it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment (including retaliation) from occurring.  Bayer violated this provision by failing to prevent retaliation in violation of Government Code Sections 12940, *et seq.*, including the conduct described in paragraphs 1 through 23 above.

56.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

57.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

58.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## XII.

### SEVENTH CAUSE OF ACTION

**(Retaliation for Use of CFRA Leave)**

**Against all Defendants**

59.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

60.     Bayer retaliated against Doe for exercising his rights to family care and medical leave through numerous illegal acts, including without limitation, the acts described in paragraphs 1 through 23 above.

61.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

62.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

63.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

### XIII.

### EIGHTH CAUSE OF ACTION

**(Unlawful Discrimination Based on Race in Violation of FEHA)**

**Against all Defendants**

64.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

65.     California Government Code section 12940(a) makes it an unlawful employment practice for an employer to discriminate against an employee in compensation or in terms, conditions, or privileges of employment.  Bayer violated this provision by discriminating against John Doe based on his race, including the discrimination described in paragraphs 1 through 23 above.

66.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

67.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

68.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## XIV.

## NINTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### Against all Defendants

69.     John Doe realleges and incorporates by reference paragraphs 1-23, inclusive, of this Complaint as though fully set forth herein.

70.    The Civil Rights Act of 1964 § 704(a), 42 U.S.C. § 2000e-3(a) and California Government Code Sections 12940, *et seq.,* provide that it is unlawful for an employer to discriminate against an employee because of (among other things) disability or race, or because the employee has opposed discrimination. Bayer violated this provision by discriminating against and retaliating against plaintiff in violation of the Federal Civil Rights Act and California Government Code Sections 12940, *et seq.,* including the conduct described in paragraphs 1 through 23 above.

71.    As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages and lost benefits.

72.    John Doe has also suffered emotional and physical injuries, including a heart condition brought on by nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

73.    In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

### XV.

### **PRAYER FOR RELIEF**

### **(As to All Causes of Action)**

1.    For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

2.    For special damages, according to proof on each cause of action for which such damages are available.

AMENDED COMPLAINT FOR DAMAGES

-15-

3.      For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

4.      For punitive damages, according to proof on each cause of action for which such damages are available.

5.      For declaratory and injunctive relief as appropriate.

6.      For prejudgment interest and post-judgment interest according to law.

7.      For reasonable attorneys' fees incurred in this action pursuant to FEHA.

8.      For such other and further relief that the Court deems proper and just.


Dated:  April 26, 2018

_____
Laurel A. Mousseau
Attorney for Plaintiff JOHN DOE

AMENDED COMPLAINT FOR DAMAGES

-16-

EXHIBIT



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                          GOVERNOR EDMUND G. BROWN JR.
                                                                                                                  DIRECTOR KEVIN KISH
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

April 26, 2018

Laurel Mousseau

,

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 814831-251278
      Right to Sue: Hill / Bayer Corporation

Dear Laurel Mousseau:

Attached is a copy of your **amended** complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Lavon Hill                                                    DFEH No. 814831-251278

Complainant,

vs.

Bayer Corporation
800 Dwight Way
Berkeley, CA 94701

Bayer Healthcare LLC
800 Dwight Way
Berkeley, CA 94701

Respondents.

1. Respondent **Bayer Corporation**  is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Lavon Hill**, resides in the City of **Berkeley** State of **California.**

3. Complainant alleges that on or about **January 25, 2018**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's race, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental) and as a result of the discrimination was terminated, denied hire or promotion, denied or forced transfer, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment claim, requested or used california family rights act or fmla, requested or used a disability-related accommodation and as a result was terminated, denied hire or promotion, denied or forced transfer, denied a work

-1-
*Complaint – DFEH No. 814831-251278*

Date Filed: September 16, 2016
Date Amended: April 26, 2018

environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability.

**Additional Complaint Details:** In or near January 18, 2005, Mr. Hill (a Black male) was hired by Bayer Healthcare (Bayer) as an Aseptic Process Technician Specialist. Mr. Hill has not received yearly evaluation(s) of his work performance.

In or near early 2007, Mr. Hill missed work for a CFRA-protected serious health condition. In April 2007, Mr. Hill was disciplined for Absenteeism. Mr. Hill sued Bayer Healthcare for failure to accommodate his disability. Bayer Healthcare and Mr. Hill settled the lawsuit. As part of the settlement, in July 2009, Bayer offered Mr. Hill a job Bayer described as congenial to (Mr. Hills) medical restrictions General Worker in the Sanitation Department, working the graveyard shift (6pm 2:30am), for less money. Bayer agreed to pay Mr. Hill the same, higher salary for his prior classification. During the next several years, Mr. Hill applied unsuccessfully for more than 100 other positions at Bayer.

Eventually, in May 2012, Mr. Hill was offered another position as an Aseptic Processing Technician, with the stipulation that any failure to adhere to (aseptic processing procedures) may result in (his) loss of eligibility to work in these areas. Mr. Hill is not aware of any similarly situated White, Asian, and Hispanic employees (who have not complained of discrimination) who have been provided a job offer with a contingency such as this one.

On 12-30-2014, Mr. Hill was injured again at work. Bayer disputes Mr. Hills claim for workers` compensation, allegedly based on his credibility. Mr. Hill is aware of similarly situated White, Asian, and Hispanic employees (who have not complained of discrimination) who were injured at work and Bayer did not dispute their claims or credibility.

In June 2015, Mr. Hill received a Final Warning letter for an alleged gowning violation. Mr. Hills union steward submitted grievances in June 2015 because Bayer did not follow its progressive disciplinary processes. The grievances indicated that Mr. Hill believed he was experiencing retaliation, discrimination and harassment. Mr. Hill is not aware of any investigation of those claims by Bayer.

Mr. Hill has witnessed coworkers commit similar gowning violations, and/or been informed by White, Asian, and Hispanic colleagues (who have not complained of discrimination) that they have committed similar gowning violations. Mr. Hill is informed and believes that these White, Asian and Hispanic colleagues have not been disciplined.

-2-
*Complaint – DFEH No. 814831-251278*

Date Filed: September 16, 2016
Date Amended: April 26, 2018

On/near 10-15-2015, Mr. Hill was suspended for three (3) days for another alleged gowning violation.  Mr. Hill and his coworker K Dalal (Indian/South Asian female) supported Mr. Hills denial of the gowning violation, to no avail.

On or near November 7, 2015, Mr. Hill filed a written complaint with Bayers compliance hotline (ticket #CL28753).  Mr. Hills complaint alleged and described retaliation, discrimination and harassment based on prior complaints of discrimination, his lawsuit for discrimination, his race, and his disability.

On or ear 11/17/2015 Hill was placed on medical leave for an injury at work.

On or near December 7, 2015, Bayer acknowledged receipt of his complaint and asked for further information.  Mr. Hill provided the requested information.

On or near January 15, 2016, Mr. Hill left a telephone message with Maria Miller, Esq., Labor Relations Deputy Director HR at Bayer.  Ms. Miller did not respond.  To date, Bayer has not responded to Mr. Hill`s retaliation, discrimination, and harassment complaint(s).

On or near June 1, 2017, Hill's doctor released him to work with restrictions like or similar to those in effect prior to his leave.
On or near August 18, 2017 Bayer sent Doe a letter indicating his employment would end if he did not return to work, and that Bayer was unable to accommodate him in his current position.  Doe continued to apply for positions for which he believed he was qualified.  Doe is not aware of efforts by Bayer to identify positions for which he was qualified and would accommodate his disability.
On or near 01/25/2018, Bayer informed Doe that he was rejected from the last application Doe attempted.  Doe can only conclude that his employment has been terminated.
Mr. Hill has been, and continues to be discriminated against because of his race and disability.  Mr. Hill has been, and continues to be retaliated against for bringing a lawsuit for disability discrimination and subsequently complaining about further and ongoing retaliatory and discriminatory treatment and discipline.  Bayer has not accommodated Hill's disability and has not engaged in a good-faith interactive process.

-3-
*Complaint – DFEH No. 814831-251278*

Date Filed: September 16, 2016
Date Amended: April 26, 2018

1  VERIFICATION

2  I, **Laurel A. Mousseau**, am the **Attorney for Complainant** in the above-entitled
   complaint.  I have read the foregoing complaint and know the contents thereof.  The
3  same is true of my own knowledge, except as to those matters which are therein
   alleged on information and belief, and as to those matters, I believe it to be true.
4

5  On April 26, 2018, I declare under penalty of perjury under the laws of the State of
   California that the foregoing is true and correct.
6

7                                                              **San Mateo, CA**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                         -4-
                              *Complaint – DFEH No. 814831-251278*

28  Date Filed: September 16, 2016
    Date Amended: April 26, 2018

1 | Laurel A. Mousseau (SBN 141484)
2 | Law Office of Laurel Mousseau
  | 1432 Edinburgh Street
3 | San Mateo, California 94402
  | 415.987.0692
4 | laurel.mousseau@gmail.com

ENDORSED
FILED
ALAMEDA COUNTY

SEP 15 2017

CLERK OF THE SUPERIOR COURT
By _____
_____, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

JOHN DOE,

     Plaintiff,

     v.

BAYER HEALTHCARE LLC, BAYER CORPORATION, and DOES 1 through 10, inclusive,

     Defendants.

Case No. RG17875413

**COMPLAINT FOR DAMAGES**

**1.  UNLAWFUL DISCRIMINATION BASED UPON RACE IN VIOLATION OF FEHA-GOVERNMENT CODE SECTIONS 12940, et seq.**

**2.  UNLAWFUL DISCRIMINATION BASED UPON DISABILITY IN VIOLATION OF FEHA-GOVERNMENT CODE SECTIONS 12940, et seq.**

**3.  FAILURE TO PREVENT UNLAWFUL DISCRIMINATION IN VIOLATION OF FEHA-GOVERNMENT CODE SECTIONS 12940, et seq.**

**4.  RETALIATION IN VIOLATION OF FEHA-GOVERNMENT CODE SECTIONS 12940, et seq.**

**5.  FAILURE TO PREVENT UNLAWFUL RETALIATION IN VIOLATION OF FEHA-GOVERNMENT CODE SECTIONS 12940, et seq.**

**6.  RETALIATION IN VIOLATION OF GOVERNMENT CODE SECTION 12945.2, et seq.**

COMPLAINT FOR DAMAGES

-1-

BY FAX

Plaintiff JOHN DOE alleges as follows on knowledge as to himself and his known acts, and on information and belief as to all other matters:

## I.

## THE NATURE OF THE ACTION

1.      In or near January 2005, John Doe (a Black man) was hired by Bayer Healthcare LLC (Bayer).  Doe has experienced ongoing and continuing discrimination and retaliation by Bayer, and has never had a real opportunity to succeed at the company, because he is Black, has disabilities, takes CFRA-protected leave. and complains about wrongful discipline, refusal to transfer or promote.

2.      Doe worked for Bayer for nearly three years without complaint.  After he was off work for medical leave, Bayer insisted he couldn't continue to perform the same job due his medical limitations.  After two years, Bayer allowed Doe to return to work in an unskilled janitorial position.  Doe's efforts to transfer into a job that reflected his qualifications were unsuccessful until in or near 2012 when Bayer transferred Doe back to his original job.  Bayer continued to treat Doe differently than his coworkers, including but not limited to requiring unique language in his transfer agreement, and disparate discipline.  Each time Doe was disciplined, Bayer did not follow its progressive disciplinary processes and/or did not discipline his coworkers for the same alleged violations.  Doe's continuing efforts to transfer to a different position were unsuccessful.

3.      In December 2015, Doe filed an internal complaint for discrimination and retaliation with Bayer.  Bayer has not interviewed Doe nor notified him of any outcome of any investigation into his discrimination and retaliation complaints.

4.      Doe has suffered economic, physical, and emotional harm as a result of the discriminatory and retaliatory employment practices by defendant.  This lawsuit seeks to redress that harm.

## II.

## PARTIES

5.   Plaintiff is informed and believes that at the relevant times mentioned herein, Defendant BAYER CORPORATION was a multinational corporation headquartered in Germany.

6.   Plaintiff is informed and believes that at the relevant times mentioned herein, Defendant BAYER HEALTHCARE LLC was a corporation conducting business in Alameda County, with its principal place of business in New Jersey.

7.   At all times mentioned herein, Plaintiff was employed by BAYER HEALTHCARE LLC and/or BAYER CORPORATION ("BAYER") in Berkeley, California. Plaintiff performed work for BAYER within Alameda County. The unlawful conduct alleged herein occurred in Alameda County. Plaintiff is, and at all relevant times mentioned herein was, a resident of Alameda County.

8.   At all times mentioned herein, each of the defendants named in the caption and each DOE defendant was an agent, employee and/or partner of the remaining defendants, including the DOE defendants, and, in doing these things herein alleged, was acting within the scope of such agency, employment and/or partnership with the permission, authority and/or consent of his or her co-defendants.

9.  Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of said defendants when the same has been ascertained. Each of the fictitiously named defendants is responsible in some

COMPLAINT FOR DAMAGES

-3-

manner for the acts complained of herein.  Unless otherwise stated, all references to named defendants shall include DOE defendants as well.

### III.

### JURISDICTION AND VENUE

10.    Jurisdiction and venue are proper in this Court because all of the claims alleged herein arose in Alameda County and all of the defendants were and/or are residents of Alameda County or are doing or did business in Alameda County.

11.    The amount in controversy in this matter exceeds the sum of $25,000, exclusive of interest and costs.

### IV.

### FACTUAL ALLEGATIONS

12.    In or near January 18, 2005, John Doe (a Black man) was hired by BAYER as an Aseptic Process Technician Specialist.  Doe has not received any yearly evaluation(s) of his work performance.

13.    Doe worked for Bayer for nearly three years without complaint.  After he was off work for medical leave, Bayer insisted he couldn't continue to perform the same job due his medical limitations.  Bayer eventually allowed Doe to return to work in an unskilled janitorial position.  Doe's efforts to transfer into a job that reflected his qualifications were unsuccessful until in or near 2012 when Bayer transferred Doe back to his original job.  Bayer continued to treat Doe differently than his coworkers, including but not limited to unique language in the transfer agreement, and disparate discipline in/near August 2014, June 2015, and October 2015. Each time Bayer did not follow its disciplinary processes and/or did not discipline his coworkers for the same alleged violation(s).

14.    During the next several years, Doe applied unsuccessfully for other positions at Bayer.

COMPLAINT FOR DAMAGES

-4-

15.     On/near October 15, 2015 Doe and a coworker witnessed and reported a
dangerous leak cause by a White employee. Doe is informed and believes that the employee was
not disciplined.

16.     In or near early December 2015, Doe filed an internal complaint with Bayer for
retaliation and discrimination. Bayer acknowledged receipt of the complaint, but Doe is not
aware of any investigation of his complaint by Bayer.

## V.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17.     Prior to the initiation of this lawsuit, Plaintiff filed a complaint against each
named defendant with the California Department of Fair Employment and Housing ("DFEH")
pursuant to section 12900, *et seq.*, of the California Government Code, alleging the claims
described in this complaint. On September 16, 2016, the DFEH issued a "right to sue" letter.
True and correct copies of the administrative complaint and the "right to sue" letter are attached
hereto collectively as **Exhibit A**. All conditions precedent to the institution of this lawsuit have
been fulfilled. This action is filed within one year of the date that the DFEH issued its right to
sue letters.

## VI.

## FIRST CAUSE OF ACTION

### (Unlawful Discrimination Based on Race in Violation of FEHA)

### Against all Defendants

18.     John Doe realleges and incorporates by reference paragraphs 1-17, inclusive, of
this Complaint as though fully set forth herein.

COMPLAINT FOR DAMAGES

19.     California Government Code section 12940(a) makes it an unlawful employment practice for an employer to discriminate against an employee in compensation or in terms, conditions, or privileges of employment.  Bayer violated this provision by discriminating against John Doe based on his race, including the discrimination described in paragraphs 1 through 20 above.

20.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

21.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

22.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## VII.

### SECOND CAUSE OF ACTION

**(Unlawful Discrimination Based on Disability in Violation of FEHA)**

**Against all Defendants**

23.     John Doe realleges and incorporates by reference paragraphs 1-17, inclusive, of this Complaint as though fully set forth herein.

24.     California Government Code section 12940(a) makes it an unlawful employment practice for an employer to discriminate against an employee in compensation or in terms, conditions, or privileges of employment.  Bayer violated this provision by discriminating against

John Doe based on his disability, including the discrimination described in paragraphs 1 through 17 above.

25. As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

26. John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarassment, fright, shock, pain, discomfort, fatigue, and anxiety.

27. In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## VIII.

### THIRD CAUSE OF ACTION

#### (Failure to Prevent Unlawful Discrimination)

#### Against all Defendants

28. John Doe realleges and incorporates by reference paragraphs 1-32, inclusive, of this Complaint as though fully set forth herein.

29. California Government Code section 12940(k) provides that it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.  Bayer violated this provision by failing to prevent retaliation in violation of Government Code Sections 12940, *et seq.*, including the discrimination described in paragraphs 1 through 17 above.

30.    As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

31.    John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarassment, fright, shock, pain, discomfort, fatigue, and anxiety.

32.    In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## IX.

## FOURTH CAUSE OF ACTION

### (Retaliation in Violation of FEHA)

### Against all Defendants

33.    John Doe realleges and incorporates by reference paragraphs 1-27, inclusive, of this Complaint as though fully set forth herein.

34.    Bayer retaliated against Doe for seeking accommodation and leave for his disabilities, in violation of FEHA through numerous illegal acts, including without limitation, the discrimination described in paragraphs 1 through 17 above.

35.    As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

36.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

37.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## X.

## FIFTH CAUSE OF ACTION

### (Failure to Prevent Unlawful Retaliation in Violation of FEHA)

### Against all Defendants

33.     John Doe realleges and incorporates by reference paragraphs 1-32, inclusive, of this Complaint as though fully set forth herein.

34.     California Government Code section 12940(k) provides that it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment (including retaliation) from occurring.  Bayer violated this provision by failing to prevent retaliation in violation of Government Code Sections 12940, *et seq.*, including the conduct described in paragraphs 1 through 17 above.

35.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

36.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.

37.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## XI.

## SIXTH CAUSE OF ACTION

### (Retaliation for Use of CFRA Leave)

### Against all Defendants

38.     John Doe realleges and incorporates by reference paragraphs 1-37, inclusive, of this Complaint as though fully set forth herein.

39.     Bayer retaliated against Doe for exercising his rights to family care and medical leave through numerous illegal acts, including without limitation, the acts described in paragraphs 1 through 17 above.

40.     As a proximate result of the conduct of Bayer, John Doe has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and lost opportunities for advancement.

41.     John Doe has also suffered emotional injuries, including nervousness, humiliation, depression, anguish, embarassment, fright, shock, pain, discomfort, fatigue, and anxiety.

42.     In committing the foregoing acts, Bayer has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling John Doe to punitive damages in a sum appropriate to punish and make an example out of Bayer.

## PRAYER FOR RELIEF

### (As to All Causes of Action)

1.      For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

2.      For special damages, according to proof on each cause of action for which such damages are available.

3.      For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

4.      For punitive damages, according to proof on each cause of action for which such damages are available.

5.      For declaratory and injunctive relief as appropriate.

6.      For prejudgment interest and post-judgment interest according to law.

7.      For reasonable attorneys' fees incurred in this action pursuant to FEHA.

8.      For such other and further relief that the Court deems proper and just.


Dated:  September 14, 2017


_____
Laurel A. Mousseau
Attorney for Plaintiff JOHN DOE


COMPLAINT FOR DAMAGES

-11-

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                             DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 16, 2016

Lavon Hill
2724 Channing Way, Apartment 204
Berkeley, California 94704

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 814831-251278
Right to Sue: Hill / Bayer Corporation

Dear Lavon Hill,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 16, 2016 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

Enclosures

cc:  Bayer Healthcare LLC

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

### BEFORE THE STATE OF CALIFORNIA

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
#### Under the California Fair Employment and Housing Act
#### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of    DFEH No. 814831-251278
Lavon Hill, Complainant.
2724 Channing Way, Apartment 204
Berkeley, California 94704

vs.

Bayer Corporation, Respondent.
800 Dwight Way
Berkeley, California 94701

Complainant alleges:

1. Respondent **Bayer Corporation** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **January 15, 2016**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, .** Complainant believes respondent committed these actions because of their: **Age - 40 and over, Disability, Engagement in Protected Activity, Family Care or Medical Leave, Race** .

3. Complainant **Lavon Hill** resides in the City of **Berkeley**, State of **California**. If complaint includes co-respondents please see below.

-5-
*Complaint ± DFEH No. 814831-251278*

Date Filed: September 16, 2016

Date Amended: September 13, 2017

DFEH 902-1

1

2
**Co-Respondents:**
Bayer Healthcare LLC

3

4
800 Dwight Way
Berkeley  California 94701

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 002-1

-6-

*Complaint ± DFEH No. 814831-251278*

Date Filed: September 16, 2016

Date Amended: September 13, 2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Additional Complaint Details:**

In or near January 18, 2005, Mr. Hill (a Black male) was hired by Bayer Healthcare (Bayer) as an Aseptic Process Technician Specialist. Mr. Hill has not received yearly evaluation(s) of his work performance.

In or near early 2007, Mr. Hill missed work for a CFRA-protected serious health condition. In April 2007, Mr. Hill was disciplined for Absenteeism. Mr. Hill sued Bayer Healthcare for failure to accommodate his disability. Bayer Healthcare and Mr. Hill settled the lawsuit. As part of the settlement, in July 2009, Bayer offered Mr. Hill a job Bayer described as congenial to (Mr. Hills) medical restrictions General Worker in the Sanitation Department, working the graveyard shift (6pm 2:30am), for less money. Bayer agreed to pay Mr. Hill the same, higher salary for his prior classification. During the next several years, Mr. Hill applied unsuccessfully for more than 100 other positions at Bayer.

Eventually, in May 2012, Mr. Hill was offered another position as an Aseptic Processing Technician, with the stipulation that any failure to adhere to (aseptic processing procedures) may result in (his) loss of eligibility to work in these areas. Mr. Hill is not aware of any similarly situated White, Asian, and Hispanic employees (who have not complained of discrimination) who have been provided a job offer with a contingency such as this one.

On 12-30-2014, Mr. Hill was injured again at work. Bayer disputes Mr. Hills claim for workers` compensation, allegedly based on his credibility. Mr. Hill is aware of similarly situated White, Asian, and Hispanic employees (who have not complained of discrimination) who were injured at work and Bayer did not dispute their claims or credibility.

In June 2015, Mr. Hill received a Final Warning letter for an alleged gowning violation. Mr. Hills union steward submitted grievances in June 2015 because Bayer did not follow its progressive disciplinary processes. The grievances indicated that Mr. Hill believed he was experiencing retaliation, discrimination and harassment. Mr. Hill is not aware of any investigation of those claims by Bayer.

Mr. Hill has witnessed coworkers commit similar gowning violations, and/or been informed by White, Asian, and Hispanic colleagues (who have not complained of discrimination) that they have committed similar gowning violations. Mr. Hill is informed and believes that these White, Asian and Hispanic colleagues have not been disciplined.

-7-

*Complaint ±DFEH No. 814831-251278*

Date Filed: September 16, 2016

Date Amended: September 13, 2017

On/near 10-15-2015, Mr. Hill was suspended for three (3) days for another alleged gowning violation. Mr. Hill and his coworker K Dalal (Indian/South Asian female) supported Mr. Hills denial of the gowning violation, to no avail.

On or near November 7, 2015, Mr. Hill filed a written complaint with Bayers compliance hotline (ticket #CL28753). Mr. Hills complaint alleged and described retaliation, discrimination and harassment based on prior complaints of discrimination, his lawsuit for discrimination, his race, and his disability.

On or near December 7, 2015, Bayer acknowledged receipt of his complaint and asked for further information. Mr. Hill provided the requested information.

On or near January 15, 2016, Mr. Hill left a telephone message with Maria Miller, Esq., Labor Relations Deputy Director HR at Bayer. Ms. Miller did not respond. To date, Bayer has not responded to Mr. Hill`s retaliation, discrimination, and harassment complaint(s).

Mr. Hill has been, and continues to be discriminated against because of his race and disability. Mr. Hill has been, and continues to be retaliated against for bringing a lawsuit for disability discrimination and subsequently complaining about further and ongoing retaliatory and discriminatory treatment and discipline.

DFEH 802-1

-8-

*Complaint ± DFEH No. 814831-251278*

Date Filed: September 16, 2016

Date Amended: September 13, 2017

VERIFICATION

1

2   I, **Laurel A. Mousseau**, am the Attorney for Complainant in the above-entitled
    complaint. I have read the foregoing complaint and know the contents thereof. The
3   same is true of my own knowledge, except as to those matters which are therein
    alleged on information and belief, and as to those matters, I believe it to be true.

4
    On September 16, 2016, I declare under penalty of perjury under the laws of the
5   State of California that the foregoing is true and correct.

6                                                                **San Mateo, CA**
                                                           **Laurel A. Mousseau**
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1                                    -9-
                              *Complaint ± DFEH No. 814831-251278*

Date Filed: September 16, 2016

Date Amended: September 13, 2017

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Laurel Mousseau SBN 141484<br>1432 Edinburgh Street<br>San Mateo, CA 94402<br>TELEPHONE NO.: 415.987.0692   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: laurel.mousseau@gmail.com<br>ATTORNEY FOR *(Name)*: Plaintiff JOHN DOE | ENDORSED<br>FILED<br><br>APR 2 6 2018<br><br>MARGARET J. DOWNI |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Renee C. Davidson Alameda County Courthouse

PLAINTIFF/PETITIONER: JOHN DOE

DEFENDANT/RESPONDENT: BAYER HEALTHCARE LLC; BAYER CORP.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| *(Check one):*  ☑ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | RG17875413 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: May 4, 2018    Time: 9 am    Dept.: 24    Div.:    Room:

Address of court *(if different from the address above)*:

☑ Notice of Intent to Appear by Telephone, by *(name):* Laurel Mousseau

---

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☑ This statement is submitted by party *(name)*: JOHN DOE
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*          **BY FAX**
   a. The complaint was filed on *(date)*: 09/15/17
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☑ The following parties named in the complaint or cross-complaint
      (1) ☑ have not been served *(specify names and explain why not)*:
         Plaintiff amended complaint 04/26/18 (new DFEH system caused 2 week delay for RTS)
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint   ☐ cross-complaint   *(Describe, including causes of action)*:
      Discrimination and retaliation based on race and disability, and complaints of discrimination

---

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Page 1 of 5<br>Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

QUESTIONS? Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

## What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  - **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

- o **Judicial Arbitration Program (non-binding):** The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

- o **Private Arbitration (binding and non-binding)** occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – <u>S</u>ervices that <u>E</u>ncourage <u>E</u>ffective <u>D</u>ialogue and <u>S</u>olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-00

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| E-MAIL ADDRESS (Optional): | FAX NO. (Optional): |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

.PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided.

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

   Date:                    Time:                    Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation          ☐ Judicial arbitration
   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:
   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▷ _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PLAINTIFF)

Date:

_____          ▷ _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ▶ _____
         (TYPE OR PRINT NAME)                                    (SIGNATURE OF DEFENDANT)

Date:

_____          ▶ _____
         (TYPE OR PRINT NAME)                                (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

EXHIBIT  C

JEROME SCHREIBSTEIN (SBN: 154051)
LAW OFFICE OF JEROME SCHREIBSTEIN
Embarcadero Center West
275 Battery Street, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 875-3355
Facsimile: (415) 358-9885

Attorneys for Defendant
BAYER HEALTHCARE LLC and BAYER
CORPORATION

ENDORSED
FILED
ALAMEDA COUNTY

MAY 2 1 2018

By  SUE PESKO

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JOHN DOE, | CASE NO. RG 17875413 |
| Plaintiff, | **ANSWER OF DEFENDANTS BAYER HEALTHCARE LLC AND BAYER CORPORATION** |
| vs. | |
| BAYER HEALTHCARE LLC, BAYER CORPORATION, and DOES 1-10, | |
| Defendants. | FAXED |

COME NOW defendants Bayer HealthCare LLC and Bayer Corporation (collectively "Defendants"), answering the Unverified Amended Complaint for Damages (the "Complaint") filed by plaintiff "John Doe" ("Plaintiff"), and allege as follows:

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendants generally deny each and every allegation in the Complaint, and further specifically deny that Plaintiff was damaged in the sums alleged or in any other sum, or at all, by reason of any conduct on the part of Defendants or any of their officers, agents, or employees.

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEY'S AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

- 1 -
**ANSWER OF DEFENDANTS BAYER HEALTHCARE LLC AND BAYER CORPORATION**
**(Case No. RG 17875413)**

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

### AFFIRMATIVE DEFENSES

Without conceding that they have the burden of proof on any of the following, Defendants set forth the following as their Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a valid cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint and the purported causes of action set forth therein are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendants allege that their conduct with respect to Plaintiff and his employment was at all times reasonable, in complete good faith, based upon good cause, and motivated solely by legitimate, business-related considerations.

### FOURTH AFFIRMATIVE DEFENSE

Defendants allege that their conduct was at all times reasonable, in complete good faith, based upon good cause, and undertaken pursuant to the terms of the applicable laws and regulations.

### FIFTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff has failed to exercise reasonable care and diligence to mitigate his alleged damages, and any damages to which Plaintiff might be entitled must be reduced or denied accordingly.  In the alternative, to the extent that Plaintiff has mitigated any actual damages, Defendants are entitled to a set-off for any interim earnings, benefits (including but not limited to short-term or long-term disability benefits under any sponsored plan of Defendants, Plaintiff's own private plan, or as Social Security Disability or workers' compensation benefits) or other income.

///

///

- 2 -

**LAW OFFICE OF JEROME SCHREIBSTEIN**
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

## SIXTH AFFIRMATIVE DEFENSE

Defendants allege that the Complaint is barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's Complaint is barred, in whole or in part, by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks punitive damages, it violates Defendants' rights to protection from "excessive fines" as provided for in the Eighth Amendment to the United States Constitution and the Constitution of the State of California and it violates Defendants' rights to substantive due process as provided for in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive damages claimed.

## TENTH AFFIRMATIVE DEFENSE

Defendants allege that this action may be barred and/or Defendants' liability may be limited by after-acquired evidence of Plaintiff's misconduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's claims under the California Fair Employment and Housing Act may not be maintained to the extent they exceed or differ from the allegations of any administrative charge filed with the appropriate administrative agency.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's claims under the California Fair Employment and Housing Act are barred by Plaintiff's failure to timely exhaust his administrative remedies.

**ANSWER OF DEFENDANTS BAYER HEALTHCARE LLC AND BAYER CORPORATION**
**(Case No. RG 17875413)**

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2      Defendants were not required to accommodate Plaintiff's disability (if any) under

3  California Government Code section 12940(m), as doing so would have created an undue

4  hardship on Defendants' operations.

5

## FOURTEENTH AFFIRMATIVE DEFENSE

6      Defendants allege that the performance of any duty or obligation that Defendants may

7  have been obligated to perform for the benefit of Plaintiff was rendered impossible due to

8  Plaintiff's own conduct.

9

## FIFTEENTH AFFIRMATIVE DEFENSE

10     To the extent that Plaintiff has suffered any symptoms of mental or emotional distress or

11  injury, such symptoms are the result of a preexisting psychological or physical disorder or an

12  alternative concurrent cause, and not the result of any act or omission of Defendants.

13

## SIXTEENTH AFFIRMATIVE DEFENSE

14     Defendants allege that any injuries or damages alleged by Plaintiff, if any, were the result

15  of new, independent, intervening, or superseding causes that are unrelated to any conduct of

16  Defendants.  Any actions or inactions on the part of Defendants were not the proximate or

17  producing cause of any alleged injuries or damages Plaintiff claims to have suffered.

18

## SEVENTEENTH AFFIRMATIVE DEFENSE

19     Defendants allege that the Complaint and each and every claim contained therein are

20  barred in whole or in part and cannot be maintained against Defendants because the alleged

21  losses or harms sustained by Plaintiff, if any, resulted from causes other than any act or omission

22  by Defendants.

23

## EIGHTEENTH AFFIRMATIVE DEFENSE

24     Defendants allege that Plaintiff's Complaint is barred, in whole or in part, by the doctrine

25  of waiver.

26     ///

27     ///

28

- 4 -

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants allege that all or portions of Plaintiff's claims are barred due to Plaintiff's willful misconduct.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants allege that all of its actions were taken in good faith and in reliance on the reasonable belief that they were lawful.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's losses, if any, are speculative, remote and/or uncertain, and therefore, not compensable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's Complaint is barred, in whole or in part, to the extent that any administrative Charge filed by Plaintiff was not filed within one year of the alleged illegal action by Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's causes of action under the California Fair Employment and Housing Act are barred, in whole or in part, to the extent that his claims rely on allegations which were not contained in timely charges filed with the California Department of Fair Employment and Housing (DFEH) and/or the United States Equal Employment Opportunity Commission (EEOC).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants allege that they were not required to afford to Plaintiff any accommodation which would have resulted in undue risk of harm to Plaintiff, other individuals or its or their property interests.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that they exercised reasonable care to prevent and promptly correct any alleged improper conduct, that plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm and that

**ANSWER OF DEFENDANTS BAYER HEALTHCARE LLC AND BAYER CORPORATION**
**(Case No. RG 17875413)**

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

Plaintiff's alleged damages, if any, would have been reduced or eliminated had he taken advantage of such preventative or corrective measures and, accordingly, his damages must be reduced or denied herein on such basis.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's Complaint is barred in whole or in part to the extent that his alleged injuries arose in the course and scope of his employment and any such claims are thus pre-empted by the provisions of the California Labor Code dealing with the exclusivity of workers' compensation including at California Labor Code section 3601 *et seq.*

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's Complaint is barred in whole or in part to the extent that his claims are premised upon or involve an interpretation of a Collective Bargaining Agreement based upon section 301 of the Labor Management Relations Act (29 U.S.C. § 185).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that they were not required to afford accommodation to Plaintiff to the extent that he failed to reasonably cooperate in the "interactive process" with Defendants and that any so-called break-down in the interactive process was predominantly or exclusively Plaintiff's fault.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's Complaint is barred, in whole or in part, by the doctrine of equity.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendants have taken no action and made no omission that violated or sought to violate any alleged statutory public policy or constitutional right relating to Plaintiff.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that any injuries or damages alleged by Plaintiff, if any, were caused, in whole or in part, by the acts or omissions of others, for whose conduct Defendants are not responsible.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's Complaint and each and every cause of action alleged therein are barred or reduced by Plaintiff's own acts and omissions.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's right to any recovery herein, if any right exists, is reduced and limited to the percentage of fault attributable to Defendants pursuant to section 1431.2 of the California Civil Code.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of Defendants, thus barring Plaintiff from any relief as prayed for herein.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff is not entitled to recover punitive damages from Defendants for the acts alleged in the Complaint on the grounds that none of Defendants' officers, directors or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendants or their officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed said acts, nor did Defendants employ said employees with the conscious disregard of the rights or safety of others.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants allege that to the extent liability is established, Plaintiff's damages may not exceed any statutorily imposed caps on damages.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that to the extent discrimination was a motivating factor in the employment decisions affecting Plaintiff's employment, which Defendants deny, legitimate reasons (standing alone) would have induced Defendants to make the same employment decisions and, to such extent, the Complaint is barred in whole or in part.

///

**ANSWER OF DEFENDANTS BAYER HEALTHCARE LLC AND BAYER CORPORATION**
**(Case No. RG 17875413)**

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

1

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that all actions taken were lawful and authorized by the terms of a Collective Bargaining Agreement with a Bargaining Unit of which Plaintiff was a part and which governed the terms and conditions of his employment with Defendants.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff failed to utilize available complaint procedures or other reasonable corrective or preventative measures relative to his claims of Defendants' unlawful conduct and his alleged damages should be denied or reduced accordingly.

## FORTIETH AFFIRMATIVE DEFENSE

Defendants allege Plaintiff's Complaint is barred in whole or in part to the extent that Plaintiff did not meet the statutory requirements for leave under the California Family Rights Act including, but not limited to, the requirements concerning duration of employment and hours worked prior to any qualifying leave period.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege Plaintiff's Complaint is barred in whole or in part where Plaintiff was not an individual with a qualifying disability under the California Fair Employment and Housing Act.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Defendants allege Plaintiff's Complaint is barred in whole or in part where Plaintiff was not, irrespective of any disabling condition, "otherwise qualified" for any open, available position with Defendants at the time of his alleged termination.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Defendants allege Plaintiff's Complaint is barred in whole or in part to the extent that any of Defendants' challenged employment actions were based upon a bona fide occupational qualification (BFOQ).

///

///

- 8 -

1

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

**RESERVATION OF RIGHT TO ALLEGE OTHER AFFIRMATIVE DEFENSES**

2

3

Defendants reserve the right to allege other affirmative defenses as they may arise during the course of discovery or investigation.

4

WHEREFORE, Defendants pray for relief as follows:

5

1.     That Plaintiff take nothing by reason of his Complaint on file herein, that

6

judgment be awarded in favor of Defendants and against Plaintiff, and that Defendants be

7

dismissed from this action with prejudice;

8

2.     That Defendants be awarded their attorneys' fees and costs of suit herein to the

9

extent allowed by applicable law; and

10

3.     That the Court grant Defendants such other and further relief as it may deem just

11

and proper.

12

Dated: May 18, 2018                    LAW OFFICE OF JEROME SCHREIBSTEIN

13

14

By: _____
        Jerome Schreibstein

15

Attorneys for Defendants Bayer
BAYER HEALTHCARE LLC and BAYER

16

CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

LAW OFFICE OF JEROME SCHREIBSTEIN
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 875-3355

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111.  On the date set forth below, I served the within documents:

### ANSWER OF DEFENDANTS BAYER HEALTHCARE LLC AND BAYER CORPORATION

☐ **Via Facsimile**:  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☐ **Via Hand**:  by causing the document(s) listed above to be hand delivered to the person(s) at the address(es) set forth below.

☐ **Via Fed Ex**:  by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP described below, addressed as follows:

☒ **Via U.S. Mail**:  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

**Attorneys for Plaintiff:**

Laurel A. Mousseau
Law Office of Laurel Mousseau
1432 Edinburgh Street
San Mateo, CA 94402
415.987.0692
Email:  laurel.mousseau@gmail.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **May 18, 2017** at San Francisco, California.


Yehimi Olvera

- 10 -

**ANSWER OF DEFENDANTS BAYER HEALTHCARE LLC AND BAYER CORPORATION
(Case No. RG 17875413)**

EXHIBIT  D

# Mark Flores v. Office Depot Inc., Jorge Vazquez and Does 1 through 100; 2017 Jury Verdicts LEXIS 308

BC556173

February 06, 2017

**Headline:** Performance Improvement Plan Was Contrived to Retaliate: Suit

**Published Date:** March 06, 2017

**Topic:** Employment - Retaliation - Employment - *__Wrongful Termination__* - Employment - California Family Rights Act - *__Discrimination__* - Fair Housing Act

**Injury:** *__Emotional Distress__*

**State:** California

**Court:** Superior Court of Los Angeles County, Los Angeles

**Plaintiff Counsel**

Eric A. Panitz

Firm Name: DesJardins & Panitz LLP

Address: Cerritos, CA

Plaintiff Name: (Mark Flores)

J. Bernard Alexander, III

Firm Name: Alexander, Krakow + Glick, LLP

Address: Santa Monica, CA

Plaintiff Name: (Mark Flores)

Joshua M. Arnold

Firm Name: Alexander, Krakow + Glick, LLP

Address: Santa Monica, CA

Plaintiff Name: (Mark Flores)

**Defendant Counsel**

Helene J. Wasserman

Firm Name: Ballard, Rosenberg, Golper & Savitt

Address: Los Angeles, CA

Defendant Name: (1, Jorge Vazquez)

Eric A. Cook

Firm Name: Littler Mendelson, P.C.

Address: Los Angeles, CA

Defendant Name: (1, Jorge Vazquez)

Mark Flores v. Office Depot Inc., Jorge Vazquez and Does 1 through 100; 2017 Jury Verdicts LEXIS 308

**Judge:** Daniel S. Murphy

**Case Summary**

In June 2013, plaintiff Mark Flores, 56, a supply chain supervisor for Office Depot, in Long Beach, returned from medical leave after undergoing neck surgery. Four work days later, Flores was placed on a performance improvement plan. Two months later, in August 2013, Flores was terminated from his position.

Flores sued Office Depot Inc. and his supervisor, Jorge Vazquez. Flores alleged that the defendants' actions constituted **_wrongful termination_**, retaliation in violation of the California Family Rights Act and the Fair Employment and Housing Act, and failure to prevent retaliation.

Vazquez was ultimately dismissed from the case, and the matter continued against Office Depot only.

Flores claimed that he angered his supervisor, Vazquez, by taking a medical leave and by complaining to human resources about how Vazquez had directed him to "performance manage out" two older employees. Thus, he claimed that his performance improvement plan was contrived.

Plaintiff's counsel contended that Office Depot's Human Resources Department failed to conduct a good-faith investigation in response to Flores' complaints of **_discrimination_** and retaliation, despite the fact that Vazquez had failed to document any prerequisite counseling or coaching prior to the issuance of the performance improvement plan and despite Flores' long history of performance evaluations, which "met" or "exceeded" expectations.

Vazquez testified that Flores' peers had problems trusting and working with Flores. He alleged that as a result, he submitted five "Manager's Record of Discussion" reports to human resources prior to issuing a performance improvement plan to Flores.

Defense counsel contended that Office Depot's decision to terminate Flores' employment was wholly appropriate under all of the circumstances and that it was absolutely unrelated to any alleged protected category and/or activity. Defense counsel presented evidence at trial that Flores had been coached on his interpersonal skills, savvy, and peer relations for a significant period of time before he was actually placed on a performance improvement plan. Counsel contended that Flores was placed on a formal performance improvement plan after he failed to improve in areas that had been well-noted in his prior performance evaluations and other documents that noted areas for improvement. Defense counsel also noted that the plaintiff's psychological expert testified that Flores had been coached by multiple managers prior to being placed on a formal performance improvement plan.

Defense counsel further argued that there was no evidence that Flores had made any complaints about any alleged improper conduct by Vazquez prior to being placed on the performance improvement plan. Counsel maintained that once the complaint was made, a thorough investigation was conducted by Office Depot's highly experienced human resources team.

In response, plaintiff's counsel argued that several witnesses impeached Vazquez's stated reason for the performance improvement plan. Plaintiff's counsel also argued that human resources failed to confirm that prior coaching and counseling had occurred, which should have been confirmed by the existence of the manager's records of discussion, as prepared by Vazquez as a prerequisite to any issuance of a performance improvement plan to Flores. Thus, counsel argued that Office Depot's Human Resources Department approved the issuance of the performance improvement plan, despite the non-existent manager's records of discussion. Counsel further argued that, in response to Flores' complaints of **_discrimination_** and retaliation, the western regional director failed to issue even-handed instructions to human resources about conducting an investigation of Flores' version of the facts, but, instead, presumed that Vazquez's version of events was accurate, wholly ignoring the possibility that Flores' version of events was accurate and truthful.

**Injury Text:**

Flores, a 17-year employee of Office Depot, claimed that he suffers from **_emotional distress_** as a result of his termination. He subsequently sought counseling, which he claimed he will continue to undergo.

Thus, Flores sought recovery of economic damages for past and future medical expenses, and non-economic damages for his past and future emotional pain and suffering. He also sought recovery of **_punitive damages_** against Office Depot.

Mark Flores v. Office Depot Inc., Jorge Vazquez and Does 1 through 100; 2017 Jury Verdicts LEXIS 308

Defense counsel contended that Flores' physician's reports reflected that Flores was feeling fine and that Flores was planning international travel within days of being placed on the performance improvement plan. Thus, defense counsel argued that it was not until several months after the lawsuit was filed, and nearly two years after his termination, that Flores first sought mental health treatment.

**Trial Length**

10.0 days

**Jury Deliberation**

5.0 hours

**Jury Composition**

9 male, 3 female

**Jury Poll**

10-2 as to FEHA retaliation; 9-3 as to CFRA retaliation; 10-2 as to failure to prevent retaliation; 9-3 as to ***punitive damages***

| PLAINTIFF NAME | PROPERTY AWARD |
|---|---|
| Mark Flores | $ 10,000,000 |

**Plaintiff Amounts:**

(Mark Flores)

    $29,000 Personal Injury: Past Medical Cost

    $40,000 Personal Injury: Future Medical Cost

    $8,000,000 Personal Injury: Punitive Exemplary Damages

    $867,000 Personal Injury: Past Lost Earnings Capability

    $710,000 Personal Injury: Past Pain And Suffering

    $354,000 Personal Injury: Future Pain And Suffering

**Plaintiff Expert(s)**

Anthony E. Reading, Ph.D.

Address: Beverly Hills, CA

Specialty: Psychology/Counseling

Affiliation: J. Alexander, III

Marianne Inouye, M.B.A.

Address: San Marino, CA

Specialty: Economics

Affiliation: Eric Panitz

Anthony E. Reading, Ph.D.

Address: Beverly Hills, CA

Specialty: Psychology/Counseling

Affiliation: Joshua Arnold

Marianne Inouye, M.B.A.

Mark Flores v. Office Depot Inc., Jorge Vazquez and Does 1 through 100; 2017 Jury Verdicts LEXIS 308

Address: San Marino, CA

Specialty: Economics

Affiliation: Joshua Arnold, J. Alexander, III

Anthony E. Reading, Ph.D.

Address: Beverly Hills, CA

Specialty: Psychology/Counseling

Affiliation: Eric Panitz

**Award:** $ 10,000,000

**Award Details:** The jury found that Office Depot violated the California Family Rights Act and the Fair Employment and Housing Act. It also found that Office Depot's actions constituted retaliation and failure to prevent retaliation. Thus, the jury determined that Flores' damages totaled $10 million, including $2 million in general damages, and $8 million in ***punitive damages*** based on the failure-to-prevent-retaliation claim.



www.verdictsearch.com/index.jsp

Copyright 2017 ALM Media Properties, LLC.
All Rights Reserved
Further duplication without permission is prohibited
California Reporter Vol. 16

End of Document

# Stephen Colucci v. T-Mobile USA, Inc. and Brian Robson; 2017 Jury Verdicts LEXIS 15503

CIVDS1502822

August 30, 2017

**Headline:** Store Manager Terminated After Disclosing Anxiety Disorder: Suit

**Published Date:** February 12, 2018

**Topic:** Employment - Disability _**Discrimination**_ - Employment - Retaliation - Employment - _**Wrongful Termination**_ - Employment - Wages and Hours - _**Discrimination**_ - Fair Housing Act

**Injury:** _**Emotional Distress**_

**State:** California

**Court:** Superior Court of San Bernardino County, San Bernardino

**Plaintiff Counsel**

Patricio T.D. Barrera

Firm Name: Barrera & Associates

Address: El Segundo, CA

Plaintiff Name: (Stephen Colucci)

Ashley A. Davenport

Firm Name: Barrera & Associates

Address: El Segundo, CA

Plaintiff Name: (Stephen Colucci)

**Defendant Counsel**

Amy Wintersheimer Findley

Firm Name: Allen Matkins Leck Gamble Mallory LLP

Address: San Diego, CA

Defendant Name: (1, Brian Robson)

Peter A. Griffin

Firm Name: Allen Matkins Leck Gamble Mallory LLP

Address: Los Angeles, CA

Defendant Name: (1, Brian Robson)

**Judge:** Keith D. Davis

**Case Summary**

In January 2014, plaintiff Stephen Colucci, 35, a store manager for T-Mobile, was allegedly told by his new, incoming supervisor, Brian Robson, that he was scheduled to be transferred to another work location: a kiosk located inside the Ontario Mills Mall. Colucci suffers agoraphobia, post-traumatic stress disorder and panic disorder based on witnessing a stabbing

Stephen Colucci v. T-Mobile USA, Inc. and Brian Robson; 2017 Jury Verdicts LEXIS 15503

incident when he was a teenager. Colucci allegedly disclosed his condition to Robson and, the next day, to the human resources director. Specifically, he allegedly told them that he had an anxiety disorder that would interfere with his ability to work in the congested mall's kiosk. As a result, Colucci was not transferred to the kiosk. However, Colucci claimed that after he disclosed his condition, he felt harassed by Robson, so he made a complaint to T-Mobile's integrity hotline. Colucci claimed that within hours of making his complaint, Robson decided to terminate him.

Ultimately, in July 2014, Colucci was terminated from his position.

Colucci sued Robson and his employer, T-Mobile USA Inc. Colucci alleged that Robson's actions constituted retaliation and disability *discrimination* in violation of the Fair Employment and Housing Act. He also alleged several wage claims based on off-the-clock activities and missed meals/breaks. In addition, Colucci alleged that T-Mobile was liable for Robson's actions and failed to prevent *discrimination* in violation of FEHA.

Robson was dismissed post-demurrer on a stipulation that kept the matter in state court.

Colucci claimed that after he disclosed his anxiety disorder, Robson thought the disclosure was "ridiculous" and told him, "H.R. will handle you." As a result, Colucci spoke with the human resources director the next day and promptly obtained a doctor's note from a psychiatrist, who diagnosed him with agoraphobia with panic disorder/post-traumatic stress disorder, per T-Mobile's request. Later, in early July 2014, a store employee who had been placed on a serious performance plan the day before complained to Robson that Colucci was allegedly using a T-Mobile fax machine, printer, and time to run his side business. Colucci contended that the employee's complaint was biased since he had just been written up and that there was no physical evidence showing a conflict of interest. He also contended that he had concerns about other store employees who were allegedly defaming him and trying to get him fired after he had instituted a new "no-personal-cell-phones-used-in-the-store" policy for a well-stated business reason. Colucci claimed that as a result, he confronted Robson about his concerns on July 21, 2014, but that Robson asked him if this was "another one of your stories" and told him to "quit complaining." As a result, Colucci accused Robson of treating him unfairly and *discriminating* against him based on his disclosure of his anxiety condition. Later that same day, Colucci made an integrity line complaint about Robson. The next day, Robson approached Colucci in the store, and Colucci complained directly to Robson about the disability *discrimination*. After the confrontation Colucci took some personal time off after requesting a leave of absence related to his anxiety and a serious back injury that required surgery a few months later. However, while he was out on his paid time off/requested leave of absence, Colucci received a termination letter that allegedly did not state a reason for the termination.

Plaintiff's counsel contended that although Robson denied that Colucci's request for accommodation was an inconvenience, the fact that more work was required on Robson's part due to the staffing problem caused by Colucci's disability made it obvious that it would be a problem for Robson, who needed to step-back, re-evaluate his store manager staffing needs, and deal with human resources regarding the first-of-its-type mental-illness disability. Counsel also contended that although Colucci spoke human resources directly, the human resources director did not understand Colucci's medical condition and had never before dealt with an employee with a mental illness seeking a workplace accommodation. However, the director testified that, as of January 2014, Robson knew, based on human resources' instructions, that Colucci was "protected" from an adverse employment action by T-Mobile because of Colucci's anxiety disorder/disability.

In regard to the employee's complaint in early July 2014, plaintiff's counsel contended that T-Mobile already knew that Colucci owned a car broker business, as several T-Mobile employees had side businesses, and that there was "no offense," i.e. no conflict of interest. However, counsel argued that T-Mobile's investigation of the alleged conflict was incomplete, in that T-Mobile failed to review the company time sheets, fax machine logs, cell phone records, video surveillance tape, or any other information that would have easily disproved the biased employee's remarks. Counsel further argued that T-Mobile never interviewed Colucci and, instead, relied wholeheartedly on the biased subordinate's complaint to justify Colucci's later termination. Plaintiff's counsel noted that, when asked at trial, "Why didn't you wait until Colucci returned from his 30-day disability leave of absence to interview him," the human resources director testified, "We could have waited ." In addition, plaintiff's counsel argued that even if there was some merit to the biased subordinate's charge of a conflict, T-Mobile did not utilize progressive discipline and, thus, the punishment did not fit the offense.

As to Colucci's claim that Robson was treating him unfairly and *discriminating* against him, plaintiff's counsel noted that Robson confirmed the complaints in an email to human resources two hours after his confrontation with Colucci. Counsel also

contended that two hours after Robson sent the email to human resources (four hours after Colucci complained directly to his manager), Robson sought approval from human resources to terminate Colucci. Plaintiff's counsel contended that human resources supported the termination decision, but Robson testified about an email he had received from T-Mobile's leave of absence team instructing him not to communicate with Colucci while his request for leave was being processed. Thus, counsel argued that human resources could not adequately explain why it allowed Robson, who was the subject of Colucci's _**discrimination**_ complaint, to make the termination decision. Plaintiff's counsel further argued that even though Robson was told not to communicate with Colucci, Robson personally prepared and mailed a termination letter to Colucci while Colucci was out on his paid time off/requested leave of absence. In addition, plaintiff's counsel argued that T-Mobile knew that Colucci's termination was improper, in that the internal termination paperwork from the human resources director to his superior at the time of the termination noted that "litigation is probable."

T-Mobile admitted that Colucci requested an accommodation to work in a store location that had a clear exit strategy, preferably not in a crowded, congested location such as a busy shopping mall. Robson also testified that he said, "H.R. will handle the matter," but he denied saying that Colucci's condition was "ridiculous." However, he admitted at trial that he expressed "surprise" when hearing about the disclosure because he had never before had to accommodate an employee with a mental illness. In addition, Robson admitted that Colucci's inability to transfer to the kiosk location created more work in the form of "more moves" for him, as he was coming in as the new district manager. However, defense counsel argued that Colucci was properly fired for due to a conflict of interest.

**Injury Text:**

Colucci claimed that he had never been disciplined or written up in his seven-year career as a store manager for T-Mobile and that he had received "achieves expectations" on his performance review prior to his termination.

Colucci claimed that he had rushed into a job shortly after being terminated by T-Mobile, after recovering from his back surgery, but that he felt the employer was unethical, so he quit after a few months. He then had a three-month gap before landing his current job. Colucci claimed that although he is working again, he is earning $60,000, which is down from the $95,000 per year he was earning at T-Mobile.

Colucci was examined by his treating doctor in 2014 and by the plaintiff's psychology expert in 2017, and was diagnosed with psychological injuries.

Thus, Colucci sought recovery for his lost pay and for his alleged _**emotional distress**_ damages.

T-Mobile's counsel argued that Colucci's economic damages should have been cut-off with the job he quit.

The defense's psychology expert did not examine Colucci, but testified that, based on his review of the plaintiff's psychology expert's report, Colucci experienced _**emotional distress**_ as a result of the termination, but did not suffer from a psychological injury.

**Trial Length**

11.0 days

**Jury Deliberation**

225.0 minutes

**Jury Composition**

4 male, 8 female

**Jury Poll**

12-0

Stephen Colucci v. T-Mobile USA, Inc. and Brian Robson; 2017 Jury Verdicts LEXIS 15503

**Post Trial Status**

T-Mobile's counsel moved for judgment notwithstanding verdict and for new trial, but the motions were denied.

Plaintiff's counsel moved for recovery of attorney fees and filed a cost memorandum, seeking to recover $64,000 in recoverable costs. T-Mobile's counsel subsequently moved to tax/strike costs. The hearing to determine potential recoverable fees and costs is set for February 2018.

| **PLAINTIFF NAME** | **PROPERTY AWARD** |
| --- | --- |
| Stephen Colucci | $ 5,020,042 |

**Plaintiff Amounts:**

(Stephen Colucci)

   $4,000,000 Personal Injury: Punitive Exemplary Damages

   $320,042 Personal Injury: economic damages

   $500,000 Personal Injury: past **_emotional distress_** damages

   $200,000 Personal Injury: future **_emotional distress_** damages

**Plaintiff Expert(s)**

Charles R. Mahla, Ph.D.

Address: Sacramento, CA

Specialty: Economics

Affiliation: Patricio ("Pat") Barrera, Ashley Davenport

Anthony E. Reading, Ph.D.

Address: Beverly Hills, CA

Specialty: Psychology/Counseling

Affiliation: Ashley Davenport, Patricio ("Pat") Barrera

**Defendant Expert(s)**

Mark A. Kalish, M.D.

Address: San Diego, CA

Specialty: Psychology/Counseling

Affiliation: Amy Findley, Peter Griffin

**Award:** $ 5,020,042

**Award Details:** The jury found for Colucci on his retaliation and failure to prevent retaliation claims. It determined that Colucci's damages totaled $5,020,042.



www.verdictsearch.com/index.jsp

Stephen Colucci v. T-Mobile USA, Inc. and Brian Robson; 2017 Jury Verdicts LEXIS 15503

Copyright 2018 ALM Media Properties, LLC.
All Rights Reserved
Further duplication without permission is prohibited
California Reporter Vol. 17

End of Document

## Della Hill v. Asian American Drug Abuse Program, Inc., and Does 1 through 20, inclusive; 2017 Jury Verdicts LEXIS 15159

BC582516

December 02, 2017

**Headline:** Plaintiff Claimed Agency Fired Her for Taking Medical Leave

**Published Date:** January 29, 2018

**Topic:** Employment - Failure to Accommodate - Employment - Disability *Discrimination* - Employment - *Wrongful Termination* - Employment - California Family Rights Act - *Discrimination* - Fair Housing Act

**Injury:** *Emotional Distress*, Depression, Aggravation of Pre-existing Condition

**State:** California

**Court:** Superior Court of Los Angeles County, Los Angeles

**Plaintiff Counsel**

Carney R. Shegerian

Firm Name: Shegerian & Associates

Address: Santa Monica, CA

Plaintiff Name: (Della Hill)

Anthony Nguyen

Firm Name: Shegerian & Associates

Address: Santa Monica, CA

Plaintiff Name: (Della Hill)

Mark I. Lim

Firm Name: Shegerian & Associates

Address: Santa Monica, CA

Plaintiff Name: (Della Hill)

**Defendant Counsel**

Richard P. Tricker

Firm Name: Winget Spadafora Schwartzberg LLP

Address: Los Angeles, CA

Defendant Name: (1)

Elizabeth M. Treckler

Firm Name: Winget Spadafora Schwartzberg LLP

Address: Los Angeles, CA

Defendant Name: (1)

Della Hill v. Asian American Drug Abuse Program, Inc., and Does 1 through 20, inclusive; 2017 Jury Verdicts LEXIS
15159

**Judge:** Stephanie M. Bowick

**Case Summary**

On or around Jan. 5, 2015, plaintiff Della Hill, 56, a counselor for Asian American Drug Abuse Program Inc., a Los Angeles
agency that helps recovering drug addicts, notified her supervisor that she fell and broke her arm while she was off of work
between Dec. 31, 2014 and Jan. 4, 2015. As a result, Hill claimed she needed to take a medical leave. Hill submitted a doctor's
note, taking her off of work, and the leave was extended on several occasions. Several weeks after the fall, Hill was diagnosed
with major depression.

Throughout her leave, Hill submitted medical absence notes from her doctor to the program, and Hill's doctor extended her
leave until April 11, 2015. However, on March 31, 2015, while Hill was still on her medical leave, she was terminated her from
her position for allegedly failing to return from her medical leave.

Hill sued Asian American Drug Abuse Program Inc., alleging that the program's actions constituted disability ***discrimination***, a
failure to accommodate, a failure to engage in the interactive process, and ***wrongful termination***. She also alleged that the
program's actions constituted a violation of the California Family Rights Act.

Plaintiff's counsel noted that the chief executive officer of the Asian American Drug Abuse Program could not give a single
example of any effort the agency made to accommodate Hill or offer comparable employment after she returned from leave.

Defense counsel contended that Hill was terminated because it lost funding and that keeping Hill would have created an undue
hardship on the program.

**Injury Text:**

Hill was hired as an in-home counselor at a sober living home for women and children by the Asian American Drug Abuse
Program on June 16, 2011. Her duties included waking with her clients and their children, helping them get ready for the day,
driving clients to treatment at the program's outpatient facility, driving them back to the house, making dinner or helping the
clients make dinner, driving clients to Narcotics Anonymous meetings, and driving them home, all the while attending to her
clients and files in between duties. She alleged that during that time, she sometimes worked 24-hour days for five days a week
and, other times, worked 24-hour days two days per week.

Hill claimed that she suffered from ***emotional distress*** as a result of her termination and that her existing major depressive
disorder was worsened by the termination.

The plaintiff's psychology expert opined that Hill's major depressive disorder's trajectory and severity were worsened because
of the termination.

Thus, Hill sought recovery of compensatory damages as a result of the loss of her job and her emotional pain and suffering. She
also sought recovery of ***punitive damages***, alleging that the Asian American Drug Abuse Program acted with malice,
oppression or fraud.

The defense's psychiatry expert disagreed with the plaintiff's psychology expert and offered different potential
stressors/scenarios that could have been the cause of the worsening of Hill's alleged major depressive disorder. However,
plaintiff's counsel noted that the defense's expert incorrectly attacked the plaintiff's expert's alleged assumption that the
termination caused the major depressive disorder, but that the plaintiff's expert never actually opined that and that this was
brought out during both sides' experts' examinations.

**Jury Poll**

12-0

| PLAINTIFF NAME | PROPERTY AWARD |
|---|---|
| Della Hill | $ 4,572,835 |

Della Hill v. Asian American Drug Abuse Program, Inc., and Does 1 through 20, inclusive; 2017 Jury Verdicts LEXIS 15159

**Plaintiff Amounts:**

(Della Hill)

$2,668,700 Personal Injury: Punitive Exemplary Damages

$1,904,135 Personal Injury: compensatory damages

**Plaintiff Expert(s)**

Anthony E. Reading, Ph.D.

Address: Beverly Hills, CA

Specialty: Psychology/Counseling

Affiliation: Carney Shegerian

Mark Falkenhagen

Address: Los Angeles, CA

Specialty: Economics

Affiliation: Mark Lim

Anthony E. Reading, Ph.D.

Address: Beverly Hills, CA

Specialty: Psychology/Counseling

Affiliation: Mark Lim, Anthony Nguyen

Mark Falkenhagen

Address: Los Angeles, CA

Specialty: Economics

Affiliation: Carney Shegerian, Anthony Nguyen

**Defendant Expert(s)**

Matthew J. Steiner, M.D.

Address: Sherman Oaks, CA

Specialty: Psychiatry

Affiliation: Richard Tricker

Michelle Mangan, C.P.A.

Address: San Diego, CA

Specialty: Economics

Affiliation: Elizabeth Treckler

Matthew J. Steiner, M.D.

Address: Sherman Oaks, CA

Specialty: Psychiatry

Affiliation: Elizabeth Treckler

Michelle Mangan, C.P.A.

Della Hill v. Asian American Drug Abuse Program, Inc., and Does 1 through 20, inclusive; 2017 Jury Verdicts LEXIS 15159

Address: San Diego, CA

Specialty: Economics

Affiliation: Richard Tricker

**Award:** $ 4,572,835

**Award Details:** On Dec. 28, 2017, the jury found for Hill on all causes of action and determined that Hill's compensatory damages totaled $1,904,135.

On Jan. 2, 2018, the jury awarded Hill $2,668,700 in ***punitive damages***.

Thus, Hill's total award was $4,572,835.



VERDICTSEARCH

www.verdictsearch.com/index.jsp

Copyright 2018 ALM Media Properties, LLC.
All Rights Reserved
Further duplication without permission is prohibited
California Reporter Vol. 17

End of Document

## Talbert Mitchell v. SEIU Local 721; SEIU, Local 721, CTW, CLC; Linda Dent; Cathleen Garcia; Rocio Garcia-Reyes; Bob Schnooneuer; Gilda Valdez; Rebecca Yee; and Does 1 to 100; 2017 Jury Verdicts LEXIS 13943

BC575572

November 27, 2017

**Headline:** Plaintiff Fired for Complaining About Alleged Backlog of Cases: Suit

**Published Date:** December 11, 2017

**Topic:** Employment - Disability *Discrimination* - Employment - *Wrongful Termination* - Employment - Whistleblower - Employment - Retaliation - Employment - California Labor Code - Employment - Family Medical Leave Act

**Injury:** *Emotional Distress*

**State:** California

**Court:** Superior Court of Los Angeles County, Los Angeles

**Plaintiff Counsel**

Carney R. Shegerian

Firm Name: Shegerian & Associates

Address: Santa Monica, CA

Plaintiff Name: (Talbert Mitchell)

Anthony Nguyen

Firm Name: Shegerian & Associates

Address: Santa Monica, CA

Plaintiff Name: (Talbert Mitchell)

Mark I. Lim

Firm Name: Shegerian & Associates

Address: Santa Monica, CA

Plaintiff Name: (Talbert Mitchell)

**Defendant Counsel**

Paul B. Derby

Firm Name: Skiermont Derby LLP

Address: Los Angeles, CA

Defendant Name: (1, SEIU, Local 721, CTW, CLC)

Hajir Ardebili

Firm Name: Skiermont Derby LLP

Address: Los Angeles, CA

Talbert Mitchell v. SEIU Local 721; SEIU, Local 721, CTW, CLC; Linda Dent; Cathleen Garcia; Rocio Garcia-Reyes; Bob Schnooneuer; Gilda Valdez; Rebecca Yee; and ....

Defendant Name: (1, SEIU, Local 721, CTW, CLC)

Mane Sardaryan

Firm Name: Skiermont Derby LLP

Address: Los Angeles, CA

Defendant Name: (1, SEIU, Local 721, CTW, CLC)

**Judge:** Susan Bryant-Deason

**Case Summary**
In March 2014, plaintiff Talbert Mitchell, 60, an advocacy coordinator, was terminated from his position with SEIU.

Mitchell previously went out on medical leave due to a hernia in September 2013. He then required additional time thereafter due to medical complications after surgery, placing him on leave until January 2014. After he returned to work, Mitchell learned that management and the Legal Department hired a friend of SEIU's general counsel to serve as the advocacy director. In February 2014, once the advocacy director started work at SEIU and performing the director duties, Mitchell was informed that he would no longer receive the five-percent, additional-responsibilities bonus that he once received. In March 2014, Mitchell was terminated for alleged insubordination and undermining the new advocacy director.

Mitchell claimed that he was _**discriminated**_ against on the basis of disability and taking medical leave and that he was ultimately wrongfully terminated for whistleblowing.

Mitchell sued SEIU Local 721; SEIU, Local 721, CTW, CLC; and several individuals who also worked at Local 721. Mitchell alleged that the defendants' actions constituted violations of the Fair Employment and Housing Act, including retaliation, disability _**discrimination**_, and _**wrongful termination**_. He also alleged that the defendants' actions constituted _**wrongful termination**_ in violation of public policy.

The individual defendants were ultimately dismissed from the case, and the parties agreed that Local 721 and Local 721 CTW CLC were the same entity. Thus, the matter continued against SEIU Local 721 only.

Mitchell claimed that before his medical leave, in or about September 2013, he directed the preparation of a report regarding the existence of a backlog of arbitration cases pending scheduling, which he contended was the responsibility of SEIU's Legal Department, and that he previously raised similar concerns in the past. However, SEIU Local 721 denied the existence of a backlog, and Mitchell claimed that after his return from medical leave, he was treated differently and poorly. He also claimed that he was overlooked for promotion to advocacy director, even though he had already been performing some of those job duties and receiving a corresponding, five-percent, additional-responsibilities bonus. He alleged that, instead, management and the Legal Department hired a friend of SEIU Local 721's general counsel to serve as the advocacy director. Mitchell further alleged that once the advocacy director started work at SEIU Local 721 and performing the director duties in February 2014, he was informed that he would no longer receive the five-percent, additional-responsibilities bonus. In addition, Mitchell alleged that although SEIU Local 721 claimed that it terminated him in March 2014 for insubordination and undermining the new advocacy director, there was no documentation presented that showed any type of prior disciplinary action and that SEIU Local 721 had admittedly placed "enhanced" documents in his personnel file, after his termination, to purportedly show his insubordination. Thus, Mitchell claimed that SEIU Local 721 retaliated against him for raising issues of the arbitration backlog.

Defense counsel contended that Mitchell's leave for the hernia was unknown to SEIU Local 721 until the filing of the complaint. Counsel also maintained that SEIU Local 721 did not terminate Mitchell for any _**discriminatory**_, retaliatory, or otherwise unlawful reason and that it specifically did not _**discriminate**_ or retaliate against Mitchell based on any disability, taking of medical leave, or reporting of an alleged backlog of arbitrations in the legal department. Defense counsel asserted, to the contrary, that SEIU Local 721 never knew that Mitchell had any disability and thus, did not _**discriminate**_ against him on that basis. Counsel further asserted that SEIU Local 721 willingly granted Mitchell's successive requests for medical leave, even voluntarily extending his leave beyond that guaranteed under the law, and that Mitchell never reported any purported whistleblowing charges. In addition, defense counsel asserted that SEIU Local 721, instead, terminated Mitchell for his

Talbert Mitchell v. SEIU Local 721; SEIU, Local 721, CTW, CLC; Linda Dent; Cathleen Garcia; Rocio Garcia-Reyes; Bob Schnooneuer; Gilda Valdez; Rebecca Yee; and ....

insubordination; for undermining his immediate supervisor, SEIU Local 721's new advocacy director, for a period of well over a month following his return from medical leave; and for his poor performance as advocacy coordinator.

**Injury Text:**

Mitchell worked with SEIU for a total of 34 years. He began working with SEIU 660 in 1993, which then merged to become 721 in 2007, and he alleged that during that time, he performed all of his job duties for 21 years in an exemplary manner. In 2012, he was promoted to advocacy coordinator and then manager, and in the absence of an advocacy director, he even assumed those job responsibilities. Plaintiff's counsel noted that it was later revealed that when Mitchell applied for the advocacy director position, it was only after the legal department posted the job under the allegedly false pretense that it was actually available, as they had already offered the job to the general counsel's friend.

Mitchell claimed that he suffered from ***emotional distress*** as a result of the events.

The plaintiff's psychology expert diagnosed Mitchell with adjustment disorder with depressed mood, chronic, in partial remission. The expert also identified Mitchell as a candidate for mental health treatment.

Thus, Mitchell sought recovery of past and future loss of wages, and of ***emotional-distress*** damages. He also sought recovery of ***punitive damages*** for SEIU Local 721's conduct in terminating Mitchell and the conduct surrounding his termination, including, but not limited to, initially denying the existence of an arbitration backlog; accusing Mitchell's department advocacy of being responsible, instead of the legal department; attempting to explain that the arbitration backlog was the result of a computer system inconsistency that was not supported by any documentation; attempting to explain that the arbitration backlog was caused by the closure of ERCOM, despite the dating of such a closure being inconsistent in explaining the backlog; attempting to explain that the arbitration backlog was the result of the unions merging; posting a job for the director position where Mitchell could apply despite already offering the same job to the general counsel's friend; claiming, via witness testimony by their Chief of Staff, that Mitchell was not qualified to even take on the role as interim coordinator, despite subsequently promoting him to the position permanently and then to manager; documenting Mitchell's supposed insubordination with notes before subsequently "enhancing" them to memorandums per witness testimony and destroying the original notes and then placing the enhanced memorandums into Mitchell's personnel file after his termination; and firing Mitchell for alleged "insubordination" resulting from his supposed refusal to help the new director, despite testimony from witnesses showing that Mitchell said in response to such a request that he would "do the best he can."

**Trial Length**

19.0 days

**Jury Deliberation**

1.5 days

**Plaintiff Expert(s)**

Tamorah G. Hunt, Ph.D.

Address: Santa Ana, CA

Specialty: Economics

Affiliation: Carney Shegerian, Anthony Nguyen

Anthony E. Reading, Ph.D.

Address: Beverly Hills, CA

Specialty: Psychology/Counseling

Affiliation: Carney Shegerian

Tamorah G. Hunt, Ph.D.

Talbert Mitchell v. SEIU Local 721; SEIU, Local 721, CTW, CLC; Linda Dent; Cathleen Garcia; Rocio Garcia-Reyes; Bob Schnooneuer; Gilda Valdez; Rebecca Yee; and ....

Address: Santa Ana, CA

Specialty: Economics

Affiliation: Mark Lim

Anthony E. Reading, Ph.D.

Address: Beverly Hills, CA

Specialty: Psychology/Counseling

Affiliation: Mark Lim, Anthony Nguyen

**Defendant Expert(s)**

Joseph A. Krock, Ph.D.

Address: Los Angeles, CA

Specialty: Economics

Affiliation: Mane Sardaryan

Carl Wood

Address: Carlsbad, CA

Specialty: Employment Regulations

Affiliation: Paul Derby

Joseph A. Krock, Ph.D.

Address: Los Angeles, CA

Specialty: Economics

Affiliation: Hajir Ardebili

Marc A. Cohen, M.D.

Address: Beverly Hills, CA

Specialty: Psychiatry

Affiliation: Mane Sardaryan, Hajir Ardebili

Carl Wood

Address: Carlsbad, CA

Specialty: Employment Regulations

Affiliation: Hajir Ardebili, Mane Sardaryan

Joseph A. Krock, Ph.D.

Address: Los Angeles, CA

Specialty: Economics

Affiliation: Paul Derby

Marc A. Cohen, M.D.

Address: Beverly Hills, CA

Specialty: Psychiatry

Talbert Mitchell v. SEIU Local 721; SEIU, Local 721, CTW, CLC; Linda Dent; Cathleen Garcia; Rocio Garcia-Reyes; Bob Schnooneuer; Gilda Valdez; Rebecca Yee; and ....

Affiliation: Paul Derby

**Award:** $ 8,461,391

**Award Details:** The jury found for Mitchell on his Labor Code ?? 1102.5, disability _**discrimination**_, medical leave _**discrimination**_, _**wrongful termination**_ in violation of public policy, and intentional infliction of _**emotional distress**_ claims. It also determined that Mitchell's damages totaled $8,461,391, including $2,361,391 in compensatory damages against SEIU Local 721 and $6.1 million in _**punitive damages**_.



www.verdictsearch.com/index.jsp

Copyright 2017 ALM Media Properties, LLC.
All Rights Reserved
Further duplication without permission is prohibited
9B

End of Document